James B. Hasson and William S. Cook, Guardian of Frank N. Cook and Lily Dale Cook *v.* Benjamin Klee, Appellant.

| 181 | 117 |
| 21 SC | ¹166 |

*Ejectment—Possession—Presumption—Grant—Deed.*

In an action of ejectment where the defendant claims title from a person to whom no deed can be found, if the evidence shows that the defendant and his predecessors in title have held exclusive, continued and adverse possession of the land for twenty-one years; that they were assessed with, and that they paid taxes and street improvements thereon, and exercised other acts of ownership, a presumption arises that a deed was executed and delivered to the person from whom the defendant claimed title.

*Ejectment—Statute of limitations—Entry—Adverse possession—Act of April* 13, 1859.

The Act of April 13, 1859, P. L. 603, which declares that "no entry upon lands shall arrest the running of the statute of limitations unless an action of ejectment shall be commenced therefor within one year thereafter," relates to an entry during the running of the statute of limitations, and to the proceedings necessary to make such entry, from the date of it, arrest the running of the statute.

In an action of ejectment plaintiffs' testimony tended to show entries upon the property at different times by the plaintiffs. Defendant requested the court to charge " that no entry upon the property in dispute by the plaintiffs or those under whom they claim, during the period in which the property was in actual possession of the defendant or those under whom he claims, would arrest the running of the statute of limitations where such entry was not followed within one year by suit for possession." The answer to the point was as follows : "This point is affirmed—that is to say, if they acquired twenty-one years adverse possession at any time prior to 1893 it would be a bar to recovery." *Held,* that the point should have been affirmed without any qualification.

Argued Nov. 3, 1896. Appeal, No. 123, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 623, on verdict for plaintiffs. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Ejectment for two lots of land on the west side of Buena Vista street.   Before MAGEE, J.

At the trial the plaintiffs offered and rested on a deed from William Robinson, Jr., to Jonah R. Hasson and William Duff, dated May 10, 1856; a conveyance from Jonah R. Hasson and wife for one half thereof, dated December 14, 1892, and a quit claim deed from the alleged heirs of William Duff, for the other one half interest, dated January 7, 1893.

The defendant offered evidence to show that one Edward McQuaide was assessed with and paid the taxes for the lots in dispute from 1860 to 1866, with proof of his uninterrupted possession from 1857 until 1866, at which time the title of Mc-Quaide was sold at sheriff's sale and conveyed by the sheriff to Greenwald & Kahn, by deed dated January 25, 1866; that Greenwald & Kahn remained in actual possession, paying the taxes and all municipal assessments thereon until 1874, when the firm was dissolved and Kahn took, by deed in severalty, these lots; that the lots have constantly remained in the possession of Kahn or his vendees until the present time; and that from 1860, beyond which the records of the city of Allegheny were missing, the taxes and municipal assessments had been constantly paid by Edward McQuaide and the successors in the title under Edward McQuaide, including the defendant, until the time of this ejectment was brought, and that at no time had Hasson & Duff or James B. Hasson occupied or entered into possession of the property, or that they or either of them ever paid or were assessed for taxes or for any of the municipal improvements.   The defendant also offered in evidence the purchase money bond of Hasson & Duff to William Robinson, together with proof that that purchase money bond had been paid by Edward McQuaide.

By way of rebuttal the plaintiffs offered testimony taken under objection, tending to show that in the early 60's the lots in question were known as "Hasson & Duff's lots," that they were never known by any other name, and that they had been occupied by Hasson & Duff with cattle on several occasions, and that in July, 1892, persons claiming an option under the plaintiffs, repaired the fence around the lots.

Defendant's points and answers thereto among others were as follows:

3. That if the jury find that as early as 1860, Edward Mc-
Quaide was in possession of the two lots of ground in dispute,
claiming to own the same, and was assessed and paid taxes
thereon from 1860 to 1866, and that said lots were generally ·
known or reputed in the community to belong to him, the
same Edward McQuaide, and by him were used for drove yard
purposes during that period, and that subsequently, to wit: Jan-
uary 25, 1866, Greenwald and Kahn purchased said lots at sher-
iff's sale, for the sum of $2,050, and thereupon entered upon
and took possession of said property, and held the same by
virtue of said sheriff's deed, and that they and those claiming
under them from that time down until the institution of this
suit have held peaceable, continued, adverse and exclusive pos-
session of said lots ; that they were assessed and paid taxes and
street improvements thereon, and that they exercised such other
and further acts of ownership as the character of the lots war-
ranted; then, after twenty-one years of such possession and
exercise of ownership, to wit: after 1881, the law will presume
the execution and delivery of the deed to Edward McQuaide,
for the property, from the last preceding grantee, and supply
its omission : Warner v. Henby, 48 Pa. 187. *Answer :* I am
not willing to say that you can supply that omission without
proof of the deed's execution and loss; but the facts stated in
the point have all been suggested as proper for your considera-
tion, to determine the other question, viz, whether or not there
has been adverse possession of these lots for the requisite period
of time, to give title by the statute of limitations, and I say in
answer to this point, " This point is refused." And it is on the
ground of the last clause that I refuse it.

By Mr. Langfitt: Without refusing the facts ?

By the Court: No, I do not refuse the facts, but the conclu-
sion that it proves the deed, which I say has not been proved
from the testimony, in my judgment. [3]

6. That no entry upon the property in dispute by the plain-
tiff or those under whom he claims, during the period in which
property was in the actual possession of defendant or those
under whom he claims, would arrest the running of the statute
of limitations where such entry was not followed, within one
year, by suit for possession : Act of April 13, 1859. *Answer :*
This point is affirmed—that is to say, if they have acquired

twenty-one years adverse possession at any time prior to 1893
it would be a bar to recovery. [9]

Verdict and judgment for plaintiffs.    Defendant appealed.

*Errors assigned* among others were (3, 9) above instructions,
quoting them.

*J. A. Langfitt* and *S. Schoyer, Jr.*, with them *William Kauf-
man*, for appellant.—A presumption arises that a deed from
Hasson & Duff to Edward McQuaide was executed and deliv-
ered, and subsequently lost or mislaid : Lessees of Galloway v.
Ogle, 2 Binney, 468 ; Kingston v. Lesley, 10 S. & R. 383 ; Tay-
lor v. Dougherty, 1 S. & R. 324 ; Orr v. Cunningham, 4 W. &
S. 297 ; Hastings v. Wagner, 7 W. & S. 215 ; Baskin v. See-
christ, 6 Pa. 154 ; Strimpfler v. Roberts, 18 Pa. 283 ; Fox v.
Thompson, 31 Pa. 172 ; Warner v. Henby, 48 Pa. 187 ; Burke
v. Hammond, 76 Pa. 172 ; Carter v. Tinicum Fishing Co., 77
Pa. 310 ; Brown v. Day, 78 Pa. 129.

It is a well known rule of law that when the defendant in an
action of ejectment sets up title under adverse possession it is
competent for him to show that it was generally known in the
neighborhood that he was in possession of the disputed prem-
ises, and was generally regarded as their owner: Kennedy v.
Wible, 11 Atl. Rep. 98 ; Maxwell Land Grant Co. v. Dawson,
151 U. S. 586.

*J. J. Miller*, with him *D. C. Nevin*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, April 26, 1897 :

The court should have affirmed the defendant's third point.
It was a correct statement of the presumption arising from the
facts recited in it.   A possession like that described in the point
is in conformity with a deed or conveyance of the land and
inconsistent with title in a party cognizant of it.   Hence the
presumption of a grant.   In Kingston v. Lesley, 10 S. & R.
383, TILGHMAN, C. J., said: "The rational ground for pre-
sumption is, when the conduct of the party out of possession
cannot be accounted for without supposing that the estate has
been conveyed to the one who is in possession."   In support of
the proposition involved in the defendant's point it is sufficient
to refer to the following cases : Taylor v. Dougherty, 1 W. &

S. 324; Orr v. Cunningham, 4 W. & S. 294; Baskin v. See christ, 6 Pa. 154; Strimpfler v. Roberts, 18 Pa. 283; Warner v. Henby, 48 Pa. 187. It may be said that the refusal of the point was not prejudicial to the defense. But this is by no means clear. The explanation by the court of its refusal to affirm the point not only expressly denied the existence of the presumption claimed as arising from the facts stated in it, but impliedly denied the sufficiency of the facts to give title by the statute of limitations.

The defendant was entitled to an unqualified affirmance of his sixth point. The point was based on section 1 of the Act of April 13, 1859, P. L. 603, which declares that "no entry upon lands shall arrest the running of the statute of limitations unless an action of ejectment shall be commenced therefor, within one year thereafter." The point was "that no entry upon the property in dispute by the plaintiff or those under whom he claims, during the period in which the property was in actual possession of the defendant or those under whom he claims, would arrest the running of the statute of limitations where such entry was not "followed within one year by suit for possession," and the answer to it was "this point is affirmed —that is to say, if they acquired twenty-one years adverse possession at any time prior to 1893 it would be a bar to recovery." The answer indicates a misapprehension by the court of the meaning of the point, and of the purpose of the act of 1859. Of course an entry upon the property by a party whose claim was barred by the statute of limitations would not reinvest him with title thereto. No legislation was needed to establish or enforce this proposition. The act of 1859, on which the sixth point was based, manifestly relates to an entry during the running of the statute of limitations, and to the proceedings necessary to make such entry arrest, from the date of it, the running of the statute. As the plaintiff's testimony tended to show entries upon the property at different times by the plaintiff, or those under whom he claims, the point was pertinent and should have been affirmed without any misconstruction or qualification of it.

If the ruling of the court in the rejection of the defendant's evidence as to the general report or rumor of title was an error it was cured by the subsequent reception of the rejected evi-

dence. The admission of evidence which was subsequently stricken out on the motion of the defendant does not appear to afford any substantial ground for reversing the judgment. The same may be said of the general charge. As we have already seen, the answers to the defendant's third and sixth points were erroneous and misleading, and as they denied to him the benefit of the instructions he sought, and was clearly entitled to, we are constrained to reverse the judgment.

We therefore sustain the third and ninth specifications of error.

Judgment reversed and venire facias de novo awarded.