## Jenkins *v.* McMichael, Appellant.

*Deed—Presumption of grant—Evidence—Question for jury.*

Where a person has entered into possession of land under articles of agreement, and he and his successors have remained in possession for over forty years, paid portions of the purchase money, and expended money upon the land, the presumption is that the foundation of the title claimed is a deed, and the question whether a deed was or was not executed, is for the jury.

*Ejectment—Amendment—Adverse possession—Presumption of grant.*

Where plaintiffs in an action of ejectment claim title by adverse possession, and on an appeal from a judgment for the plaintiffs, they also argue that the evidence was sufficient to raise a presumption of a grant, and when after reversal, at the outset of the second trial, they give notice that they intend to claim by presumption of a grant, and the defendant goes on with the trial without asking for a continuance, the defendant cannot object after a verdict and judgment against him that the plaintiffs should have been compelled to amend their abstract of title so as to show that they claimed by the presumption of a grant.

Argued April 23, 1902. Appeal, No. 105, April T., 1902, by defendant, from judgment of C. P. Washington Co., November T., 1899, No. 108, on verdict for plaintiff in case of John Jenkins et ux. v. Josiah K. McMichael. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for land in the borough of West Washington. Before TAYLOR, J.

See Jenkins v. McMichael, 17 Pa. Superior Ct. 476.

When Samuel Algeo, a tax assessor, was on the stand, he was asked this question:

" Q. Did you ever assess the property, Mr. Algeo? A. Yes, sir. Q. In whose name was it assessed ? "

Objected to as incompetent and irrelevant and not the best evidence; and purpose asked for.

For the purpose, with other evidence, of showing that this was the property assessed to Dr. Marshman and that he paid taxes on this property, and that there was no other property assessed to him in the borough of West Washington; for the purpose of identifying the property. To be followed by the assessor's books in the commissioners' office, and the tax receipts. For the purpose of identifying the property as being in possession of these Marshmans, and being the people who were the recognized owners of it and who paid the taxes on it. For the purpose of showing possession.

Objected to for the reason that the plaintiffs have shown by their own evidence that Dr. Marshman was not in possession at that time, and for the further reason that the mere assessment of the property to any one is no evidence of adverse possession under which they claim. And for the further reason that it is not offered to show that the possession is adverse and that payment was with the knowledge of the defendant's vendors.

The Court: Are you trying this case under adverse possession this time?

Mr. Judson: No, sir.

The Court: I think you had better change your abstract of title so as to give the other side notice—

Mr. Patterson: We propose to prove the facts set forth in that abstract, and upon those facts we intend to claim title by presumption, or that there was a presumptive grant from Boyd to Marshman.

The Court: You haven't anything additional to offer—

Mr. Patterson: No, we haven't a single fact to offer that they haven't notice of.

The Court: I think we will admit the offer, overrule the objection and seal a bill for the defendant.

Mr. Birch: I ask your honor to state from the bench whether, notwithstanding the abstract of title as presented in the pleadings, the plaintiffs are at liberty to leave that abstract and try this case on the theory of a presumptive grant without notice to the defendant.

Mr. Patterson: If the court please, we are not asking to leave the abstract of title; we propose to stick right to it.

The Court: The plaintiffs claim that there is nothing in the abstract of title that is inconsistent with their claim and the trial of the case under a presumptive grant, and the fact that it shows that they went into possession under articles of agreement from the common source of title, that is not inconsistent with the claim they now make. On request of defendant, exception allowed and sealed. [2]

The court charged in part as follows:

[The case of the plaintiff has been presented to you upon the theory or ground of a title founded on the presumption that the uninterrupted possession of the plaintiff's predecessor in title of this property for a long period of years is established by them on a just right and without which their predecessor (Dr. Marshman) would not have been suffered to continue in the enjoyment of the lot in question as claimed by the plaintiff.] [10]

[The plaintiff claims that Dr. Marshman complied with his part of the contract under which he went into possession, by paying the purchase money, and has acquired title by presumptive grant, or, as it is otherwise expressed, was lawfully in possession a sufficient length of time, under what he did consistent with ownership, if he did anything, when he was in possession, as to raise a presumption that the vendor had, or should have made a deed to him, that is that the contract under which he entered into possession was consummated and the purchase money paid, the deed made and it is lost, or if not made, he was entitled to a deed. Do all the facts and circumstances testified to here show that any such transaction of that kind took place between the parties from which you could infer that if he does not have a deed, he should have had one, or that there might have been one made and it is lost.] [11]

[Now, gentlemen, the law, as we take it from the books, is that where a party goes into possession of land under circumstances of the kind shown here by both parties, and he continues in possession, that is he does not go in as a trespasser or does not rely on uncertain or fickle possession, but goes into possession under a deed or article of agreement and remains in possession peaceably, uninterruptedly and continuously for twenty-one years, and during those twenty-one years he exer-

cises acts of ownership over it, consistent with a lawful owner-ship, exerts a dominion over it, shows that it is under his control, and shows the payment of taxes, it is some evidence of ownership.] [12]

[The mere payment of taxes upon land by a man in possession of it will not establish a right by prescription, or any other right, if he appears to have no title in it at all. A man may get in possession of land of another and go and pay the taxes on it himself and yet have no claim to title, no right at all, and it is held that that act alone would of itself be no evidence of title in him; but it is held that the payment of taxes, along with improvements, the cultivation of the land such as it were susceptible of, and if it were a farm and there were fields to be tilled, and the man would sow, plough and reap and erect buildings and make repairs and improvements and pay taxes, and that he went in under an agreement with the original owner to purchase the land, about whose title there was no dispute, and continued in possession under circumstances of that kind for twenty-one years, and can show no deed, and show that the vendor lived close by all the time and never disturbed his possession or denied his title, then the law says that if those facts are established to the satisfaction of a jury, they may infer that there was a presumptive grant, that is, the man had bought that property under articles of agreement and went into possession of it,—continued in possession of it; under circumstances of that kind the law will presume that the original owner or vendor to him has been satisfied, and if there is no evidence of a deed, or the testimony or anything of that kind is lost, then all these facts taken into consideration raise a presumption in law upon which the title is said to be good, that is, that a deed was made, or it may be lost or mislaid, or if it wasn't made, the vendee has so used and occupied and possessed the land, that it may be presumed that he in some way satisfied the vendor for the agreed price, and if he does not have his deed, he ought to have it, inasmuch as the vendor lived here most of the twenty-one years and never disturbed the vendee for treating the land as his own. And particularly is that held to be the case if the vendor, the original owner, who put this party into possession has suffered him to be in possession all the time, remained by quietly and tacitly, or went off and abandoned any

claim to it; that increases the presumption that he has been satisfied.] [13]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (10–13) above instructions, quoting them.

*Norman E. Clark* and *T. F. Birch,* for appellant.—When the rules of court require a defendant to give notice to the plaintiff of special matter, which he intends to rely upon as a defense, and such notice is not given, the evidence should be rejected: Mehaffy v. Lytle, 1 Watts, 314 ; McClurk & Trevor v. Willard, 5 Watts, 275.

The doctrine of a presumptive grant applies to easements and incorporated hereditaments which are said to lie in grant, but in such cases the possession and enjoyment must be shown to be adverse.   If it once appears that the original entry began by contract or consent, the principle has no application: Esling v. Williams, 10 Pa. 126 ; Garrett v. Jackson, 20 Pa. 331 ; Pierce v. Cloud, 42 Pa. 102.

Mere possession will not give title, no matter how long continued : Bennett v. Biddle, 140 Pa. 396 ; Crawford v. Neff, 3 Grant, 175.

*J. M. Patterson,* with him *Judson & Judson,* for appellee.— The execution of a deed is presumed from possession in conformity to it for a period of thirty years ; and why the entire existence of a deed should not be presumed from acts of ownership for the same period, which are equivalent to a possession, it would not be easy to determine : Taylor v. Dougherty, 1 W. & S. 327 ; Warner v. Henby, 48 Pa. 187 ; Vastbinder v. Wager, 6 Pa. 339.

Opinion by Beaver, J., October 13, 1902 :

When this case was previously here—Jenkins v. McMichael, 17 Pa. Superior Ct. 476—it was clearly intimated that, if the plaintiff had based his claims in the court below upon the ground assumed in the argument in this court, the result might have been different.   The case had been tried in the court below upon the theory that the plaintiffs had acquired title by adverse possession.   Having entered into possession

under articles of agreement for purchase from those under whom the defendant claimed, it was clear that the possession was not adverse and that no title by adverse possession could ever be acquired without a change of conditions. It was upon this ground that the judgment was reversed.

In the trial which resulted in a verdict upon which the present judgment is based, the case was tried upon an entirely different theory. The sale from Boyd to Bowman and from Bowman to Marshman and the entry under articles of agreement was shown and the evidence in regard to the payment of purchase money considerably strengthened. The continuous possession, payment of purchase money and acts of ownership exercised by the Marshmans from 1855, when they acquired possession under the agreement, down to the time of trial, were claimed by the plaintiffs to be such as to raise the presumption of a grant by Boyd to the Marshmans, or those under whom they claimed, upon which the plaintiffs could rely.

" Presumptions arising from great lapse of time and non-claim are sources of evidence which a court is bound to submit to a jury, as the foundation of title by conveyances long since lost or destroyed: " Carter v. Tinicum Fishing Co., 77 Pa. 310. In Taylor v. Dougherty, 1 W. & S. 324, Mr. Chief Justice GIBSON, referring to the cases in which the presumption of a conveyance had been held to arise, said: " The case before us is much stronger, for we have the expenditure of money, not in a single contested act of ownership, but in acts repeated and persisted in for more than thirty years as regards the ownership of the warrant and without any adverse claim to it whatever. On every principle of authority and reason, this was sufficient not only to be left to the jury but, in the absence of conflicting evidence, to command a verdict. The execution of a deed is presumed from possession in conformity to it for thirty years; and why the entire existence of a deed should not be presumed from acts of ownership for the same period which are equivalent to possession, it would not be easy to determine." See also Hasson et al. v. Klee, 181 Pa. 117.

The appellant does not deny the general principle set forth in the cases above cited, although denying its applicability to the facts of this case, but claims that the plaintiffs, having failed to give distinct notice, by an amendment of their abstract

of title, that they intended to claim that the facts therein stated raised the presumption of a grant by. Boyd to those under whom they claimed, should not be permitted to give in evidence the facts which, although set forth in their abstract, raised that question. Without determining how far the parties to an ejectment are bound to set forth the legal propositions to be established by the facts contained in the abstract, it is sufficient to say that the appellants had abundant notice of the plaintiffs' claim. It was argued in this court, when the case was previously heard. If there had been nothing more in the case than the claim of title by adverse possession, it would have been reversed by us without a venire, but the new venire was awarded for the express purpose of enabling the plaintiffs to try their case upon the theory that the facts raised the presumption of a grant by Boyd to those under whom they claimed and the distinction between title by adverse possession and title by grant to be presumed from long continued possession and acts of ownership was clearly pointed out in our previous opinion. The appellant, therefore, had abundant notice that that was the only question in the case, and although strictly speaking an amendment of the abstract of title was the orderly way of giving such notice, and in case of the first trial would have been held necessary, we cannot see that any amendment of the abstract of title was necessary under the circumstances to enable the plaintiffs to try their case upon that theory. But, if such notice had been necessary, it was given almost at the outset of the trial. The appellant was not surprised, did not ask for a continuance and went through the trial with the knowledge that the plaintiffs claimed that the facts contained in their abstract of title would raise the presumption of a grant by Boyd to those under whom they claimed. We cannot see that the appellant suffered wrong. We are clearly of opinion that the facts shown by the plaintiff were sufficient, if believed by the jury, to raise the presumption of a grant by Boyd, under whose heirs the defendant claims, to those under whom the plaintiffs claim.

The facts were fairly submitted to the jury for their consideration. We think they justified a finding for the plaintiffs and that the judgment entered upon the verdict in their favor should stand.

Judgment affirmed.