McLaughlin *v.* Cybulski et ux., Appellants.

Argued December 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Clyde E. Williamson,* with him *Williamson & Cupp,* for appellants.

*John C. Gault,* with him *Candor, Youngman and Gibson,* for appellees.

OPINION BY RHODES, P. J., March 24, 1960:

This is an appeal by defendants from a final decree of the Court of Common Pleas of Lycoming County in an action by plaintiffs to quiet title to land.

On September 26, 1958, plaintiffs filed a complaint praying that defendants be barred from asserting any right, title, or interest in the north 25 feet of a proposed 50-foot wide street adjoining their land on the plan of Highland Farms, Williamsport. Plaintiffs sought also to protect their right of passage over the south 25 feet of the proposed street. Highland Farms was laid out and a plan thereof recorded on December 18, 1927. The plan indicated, inter alia, a proposed 50-foot wide street, unnamed, abutting a number of lots and lying parallel to and between opened roadways known as Orchard Avenue and Spring Garden Mills Road. Plaintiffs purchased lots fronting on Orchard Avenue and extending in depth in a southwardly direction to the north line of the proposed street. Thereafter defendants purchased lots fronting on Spring Garden Mills Road, their conveyance purporting to include the fee to all of the proposed street adjoining plaintiffs' lands. For twenty-one years from the time of dedication and to the time of the court's decision, the proposed street had not been accepted, opened, or used as a street by the public or any other person.

Plaintiffs claimed the fee of the north 25 feet of the proposed street abutting their land and a right of passage over the south 25 feet. Defendants asserted their right in fee to the entire 50 feet of the proposed street.

On the admitted facts the question was one of law, and the court made its findings and conclusions based upon the pleadings. The court concluded (1) that, although the street was dedicated upon the subdivision by plan, it had not been opened to public or private use or accepted by any municipality within twenty-one years thereafter and the public therefore lost all interest therein by virtue of the Act of May 9, 1889, P. L. 173, 36 PS §1961; (2) that plaintiffs, defendants, and other owners of lots on the plan of Highland Farms

adjoining the unopened street have an easement for right of way purposes over the entire proposed street; and (3) that plaintiffs' deed, being prior in time to that of defendants and calling for the side of the unopened street as one of its boundaries, included title in fee to the center of the unopened street subject to the easement in favor of the other lot owners.

The court correctly determined the rights of the parties. Where the owner of land subdivides it into lots and streets in a plan and sells his lots accordingly, he dedicates those streets to public use. *Rahn v. Hess,* 378 Pa. 264, 268, 106 A. 2d 461; *Whittaker Appeal,* 386 Pa. 403, 407, 126 A. 2d 715. If the dedication is not perfected within twenty-one years, the Act of May 9, 1889, P. L. 173, No. 192, §1, 36 PS §1961, extinguishes the public right in the road and provides that it shall not be opened "without the consent of the owner or owners of the land on which the same has been, or shall be, laid out." The proposed street in Highland Farms had not been accepted or used as such for more than twenty-one years after the dedication. The plaintiffs' deeds, calling for the proposed street as a boundary, conveyed title in fee to the center of the street since the grantor had title to that extent and did not expressly or by clear implication reserve it. *Rahn v. Hess,* supra, 378 Pa. 264, 269, 270, 106 A. 2d 461. See *Mynyk's Appeal,* 175 Pa. Superior Ct. 339, 342, 104 A. 2d 173. The subsequent conveyance to defendants purporting to grant them the entire roadway could not give title in fee to that portion previously granted to plaintiffs. Consequently both plaintiffs and defendants each owned in fee one half of the roadway subject to the private easement of passage of each of them and the other owners of lots abutting the proposed street, as the court below determined. *Rahn v. Hess,* supra, 378 Pa. 264, 271, 106 A. 2d 461.

The decree is affirmed at the cost of appellants.