513 A.2d 490

**Michael KLOS and Albina Klos, Appellees,**

**v.**

**Anne MOLENDA, Appellant.**

Superior Court of Pennsylvania.

Argued May 6, 1986.

Decided July 31, 1986.

400

Ann L. Powell, Scranton, for appellant.

J. Brian Foley, Scranton, for appellees.

Before CIRILLO, President Judge, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

In this appeal from a final decree in equity which (1) held that appellees had acquired title by adverse possession to a thirty inch wide strip of land and (2) enjoined appellant from entering upon or causing damage to the strip of land, appellant argues that appellees failed to prove the elements necessary to show title by adverse possession. We disagree and affirm the decree of the trial court.

The facts are not in substantial dispute. On September 20, 1950, Michael and Albina Klos, the appellees, purchased a tract of land, measuring fifty (50) feet in width and one hundred thirty-five (135) feet in depth, from a larger tract

owned by John and Anne Molenda on Greenwood Avenue in Scranton. In lieu of a survey, John Molenda and Michael Klos paced off the lot and placed stakes in the ground to mark the boundary between the lot purchased by Klos and the land retained by Molenda. Michael and Albina Klos built a residence on their lot and, in 1952, poured a concrete sidewalk along the front of the property which extended to the property line designated by the stakes previously placed by the parties. The Kloses also installed a concrete driveway on their property, the edge of which was thirty (30) inches from the line designated by the stakes. In the intervening thirty inch strip, they placed top soil and planted grass, which they maintained continuously until the events which led to the instant litigation. In either 1956 of 1957, the Molendas also planted hedge along the staked property line. This hedge line remained in place until 1981 or 1982, when it was partially removed. The remaining hedge plants were removed in 1984.

John Molenda died in 1983.[1] His widow employed a surveyor to survey the land which she owned. The surveyor located the property line separating the Klos and Molenda lands along the edge of the Klos driveway. Thereafter, Anne Molenda, the appellant herein, caused a fence to be constructed along the edge of the Klos driveway. This prompted Michael and Albina Klos to commence an action in equity to establish their ownership of the thirty (30) inch strip and to enjoin Anne Molenda's interference therewith.

"It is well settled that he who asserts title by adverse possession must prove it affirmatively." *Robin v. Brown*, 308 Pa. 123, 129, 162 A. 161, 162 (1932). "[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one

---

1. On several occasions prior to Molenda's death, Michael Klos had offered to purchase some or all of the land situated between the Klos property and the lot on which the Molenda home was erected. Although the offers had been refused, the Molendas did grant permission to Klos to drive trucks over the land between the property line and their dwelling house.

years.... Each of these elements must exist, otherwise the possession will not confer title." *Conneaut Lake Park, Inc. v. Klingensmith,* 362 Pa. 592, 594–95, 66 A.2d 828, 829 (1949) (citations omitted). *See also Tioga Coal Co. v. Supermarkets General Corp.,* 289 Pa.Super. 344, 433 A.2d 483 (1981); *Smith v. Peterman,* 263 Pa.Super. 155, 397 A.2d 793 (1978); *Inn Le'Daerda, Inc. v. Davis,* 241 Pa.Super. 150, 360 A.2d 209 (1976). "An adverse possessor must intend to hold the land for himself, and that intention must be made manifest by his acts.... He must keep his flag flying and present a hostile front to all adverse pretensions." *Smith v. Peterman, supra,* 263 Pa.Super. at 161, 397 A.2d at 796 (quotations and citations omitted).

*Flickinger v. Huston,* 291 Pa.Super. 4, 7–8, 435 A.2d 190, 192 (1981). See: *Schlagel v. Lombardi,* 337 Pa.Super. 83, 86, 486 A.2d 491, 493–494 (1984); *Reed v. Wolyniec,* 323 Pa.Super. 550, 555–556, 471 A.2d 80, 84 (1983); *Edmondson v. Dolinich,* 307 Pa.Super. 335, 336–337, 453 A.2d 611, 612 (1982); *Lyons v. Andrews,* 226 Pa.Super. 351, 355–356, 313 A.2d 313, 315 (1973); *Ewing v. Dauphin County Tax Claim Bureau,* 31 Pa.Cmwlth.Ct. 285, 288, 375 A.2d 1373, 1374 (1977).

■■■ On appeal, Mrs. Molenda's principal contentions [2] are that the Klos possession was (1) sporadic rather than continuous, and (2) permissive and neither hostile nor adverse. We reject these arguments. The evidence disclosed that appellees had continuously maintained the strip of land in lawn between 1952 and 1984, when their maintenance of the lawn was prevented by the fence which Anne Molenda had erected. The use of land for lawn purposes and the continuous maintenance thereof in connection with a residence, it has been held, are sufficient to establish adverse

---

**2.** It was also argued that appellees had failed to establish precisely the location of their property line and, therefore, had failed to establish title by adverse possession. Our review of the record discloses a lack of merit in this contention. The line was established by photographs and also by oral testimony.

possession. *Reed v. Wolyniec, supra; Lyons v. Andrews, supra.*

■ The hostile nature of the Klos possession was not destroyed because the stake line may have been placed along a property line mistakenly located by the adjoining landowners. This fact did not render Klos' possession permissive. The parties intended that the Kloses should have title to that line, and thereafter the Kloses kept their flag flying continuously on the thirty (30) inch strip of land. Their possession, open, notorious and exclusive for more than twenty-one years, presented a hostile front to any person or persons intending to make a conflicting pretension of ownership.[3]

Decree affirmed.

---

**3.** The fact that John Molenda granted permission to Michael Klos to use an adjoining lot for truck traffic was irrelevant to and did not alter the adverse nature of the Klos possession of the thirty (30) inch strip.