541 A.2d 327

Joseph FERKO and Ann Ferko, His Wife, Appellees,

v.

Michael A. SPISAK and Patricia Spisak, His Wife, the Borough of North East, Rocco J. Tonasino and Dinah Jo Tonasino, His Wife, Daniel R. Morse and Elinor Morse, His Wife, and Robert B. Haslett, Executor of the Estate of Lochner Tenney, Appellants.

Appeal of Michael A. SPISAK and Patricia Spisak, His Wife.

Joseph FERKO and Ann Ferko, His Wife, Appellants,

v.

Michael A. SPISAK and Patricia Spisak, His Wife, the Borough of North East, Rocco J. Tonasino and Dinah Jo Tonasino, His Wife, Daniel R. Morse and Elinor Morse, His Wife, and Robert B. Haslett, Executor of the Estate of Lochner Tenney, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 4, 1987.

Filed March 8, 1988.

Reargument Denied April 26, 1988.

Petition for Allowance of Appeal Granted Oct. 17, 1988.

Rowley, J., concurred in result.

304

Cathy M. Lojuewski, North East, for Spisak, appellants in No. 353 and appellees in No. 354.

Eugene J. Brew, Jr., Erie, for Ferko, appellants in No. 354 and appellees in No. 353.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

Today we consider two consolidated appeals from the trial court Order which purportedly determined the parties' property rights to portions of certain paper streets as provided for in a subdivision plot plan. The facts are as follows. By conveyance dated June 17, 1946, the Ferkos acquired title to

a parcel of land located in a plotted subdivision referred to as the Orchard Park Addition in North East, Pennsylvania. The subdivision was mapped out in 1916. The Ferkos' deed was filed on June 18, 1946.

The parties agree that the Ferkos' deed was described by metes and bounds, not by lot numbers as contained in the subdivision's map. However, the deed made the following reference with the respect to the subdivision's paper streets:

[E]xcepting the public street[ ] known as Franklin ... Street[ ]: also excepting the rights of any and all other parties in and to the plotted streets in the Orchard Park Addition to North East Borough.

Davis Street was a "plotted street" as referred to in the Ferkos' deed.

The Spisaks purchased their parcel of land by deed on February 20, 1981 and recorded it on March 6, 1981. The Spisaks' land, like the Ferkos' was originally contained in the Orchard Park Addition Plan. The deed described the eastern boundary of the Spisaks' property as abutting the western line of Franklin Street. The southern boundary of the land was determined to abut the northern line of Davis Street.

The record shows that development on the Orchard Park Addition never occurred. Other than being plotted out in the subdivision plan, neither Franklin nor Davis Streets were ever physically opened. In fact, North East Borough, by ordinance, relinquished any interest it might have possessed in the paper streets provided for by the plan, with exception to the areas of land in dispute.

Arguments occurred between the parties concerning the boundary line separating their properties. According to the parties' deed descriptions, certain sections of Franklin and Davis Streets form common boundaries between the two properties.[1] Franklin Street consists of a strip of land approximately 50 feet wide by 354.5 feet long and runs in a

1. See map of subdivision, *infra*.

north-south direction. Davis Street consists of a strip of land approximately 50 feet wide by 181.5 feet long and runs in an east-west direction. On June 21, 1984, the Ferkos filed an action to quiet title to the sections of the streets in question. Following a nonjury trial, the trial court rendered the following determinations:

1. The Spisaks have no property rights in the land known as Davis Street in the Orchard Park Addition.

2. The Ferkos have all right, title and interest in the land known as Davis Street in the Orchard Park Addition.

3. The Spisaks and the Ferkos have an easement over the land known as Franklin Street in the Orchard Park Addition.

These cross-appeals ensued.[2]

## FRANKLIN STREET

By their appeal, the Ferkos contend that the trial court erred in finding that they did not have title to the disputed portion of Franklin Street. It is argued that North East Borough abandoned all rights it possessed to Franklin Street. Thus, the land in question should revert to them since it was originally contained within their deed description. In the alternative, the Ferkos claim that they have obtained title to the Franklin Street span through adverse possession.

■ We agree with the Ferkos' position that North East Borough has effectively abandoned its rights to Franklin Street. It is stated in 36 P.S. § 1961 that:

Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on land owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without

2. As pointed out, *infra*, we shall not consider any arguments raised by the Spisaks' cross-appeal insofar as the Spisaks have waived all issues by failing to file post-trial motions. *See* Pa.R.C.P. 227.1.

the consent of the owner or owners of the land on which the same has been, or shall be, laid out.

In the case at bar, the Borough of North East did not use or open Franklin Street at any time subsequent to its dedication to the public in 1916. As a result, the public's right to that portion of the subdivision reserved for Franklin Street was effectively foreclosed after the 21 years had lapsed. *In re: Penn Avenue*, 386 Pa. 403, 126 A.2d 715, 717 (1956). Therefore, by ordinance and lapse of time, North East Borough retained no interest in Franklin Street.

■■ With this settled, the next question to be resolved is whether or not the Ferkos possess title to the stretch of land which was to comprise Franklin Street. It was testified to at trial that, according to the deed description, the western boundary of the property described in the Ferkos' deed coalesced with the western boundary of Franklin Street (N.T., 7/30/86, 16–17). The Ferkos argue that, inasmuch as the disputed portion of Franklin Street was contained within the legal description of their property, and that since the Borough failed to accept Franklin Street within the prescribed 21 year time period, the land should revert back to them. However, upon analyzing the Ferkos' deed, we reach a contrary conclusion.

In examining the deed, we observe that the grantor described a general area of land, and then by exception, excluded the street involved herein. We refer to the deed:

> [E]xcepting and reserving from the aforesaid premises a piece of land situated at the southwest corner ... sold to Walter Green and Jacob J. Phancho by deed ... and land sold to John L. Phancho and land sold to Bernice Phancho also excepting the public street[ ] known as Franklin ... Street[ ]; also excepting the rights of any and all parties in and to the plotted streets in the Orchard Park Addition to North East Borough.

(N.T., 7/30/86, 26). Initially, we note that the deed does not contain any provision that expressly transfers title of the land reserved for Franklin Street to the Ferkos if that street was never opened by the Borough. Moreover, we

will not adopt the Ferkos' reasoning that the disputed portion of Franklin Street, by implication, should revert to them simply because it was referred to in the deed and its western line constitutes the western boundary of the general plot of land. This becomes readily apparent when the Phancho and Green transactions are interpreted in the manner by which the Ferkos would construe the reference to Franklin Street. Accepting the Ferkos' interpretation, if for any reason the sales of land to the Phanchos and Walter Green had been declared invalid, then title to these parcels of land would revert to the Ferkos. Clearly, this explanation of the deed description is illogical. For this reason, we find that the Ferkos have not acquired title to Franklin Street by way of the terms of their deed.

We have determined that the deed description does not automatically render the Ferkos owners of Franklin Street. However, this determination still does not resolve the underlying question of where title to Franklin Street rests. In addition, we need to consider what effect the Borough's abandonment of Franklin Street have on the rights of the adjoining landowners to the street? [3]

In *Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461, 464 (1954), our Supreme Court considered the plaintiffs' contention that, pursuant to 36 P.S. § 1961, "the subdivider merely makes an offer to dedicate the streets on his subdivision to public use, that title to the streets remains in him and at the end of twenty-one years he still has the option of rededicating the streets to public use or retaining the fee in himself." This argument was rejected and it was found that the abutting lot owners acquired the fee in the streets. Thus, the subdivider had divested himself of title to the streets by the terms of his deed and had no fee to rededicate. In holding that the abutting land owners acquired the fee to the streets, our Supreme Court explained:

3. By its Findings of Fact, the trial court opined that the Ferkos had not acquired title to Franklin Street (Trial Court Opinion, 5). However, the trial court did not proceed to determine where title to the street did rest. For this reason, we find it necessary to examine the parties' deeds to settle this matter.

It is settled law in Pennsylvania that where the side of a street is called for as a boundary in a deed, the grantee takes title in fee to the center of it, if the grantor had title to that extent, and did not expressly or by clear implication reserve it: *See Paul v. Carver*, 26 Pa. 223, *Cox v. Freedley*, 33 Pa. 124; *Saccone v. West End Trust Company*, 224 Pa. 554, 560, 73 A. 971, 24 L.R.A., N.S., 539. The reasons for the rule were set forth by Chief Justice Lewis in *Paul v. Carver, supra*, 26 Pa. at page 225: ' * * * Where land is laid out in town lots, with streets and alleys, the owner receives a full consideration for the streets and alleys in the increased value of the lots * * * If the streets were to be vacated, of what value would they be to the original grantors, unless for the purposes of annoyance to the lot owners? A long strip of ground fifty or one hundred feet wide and perhaps several miles in length, without any access to it except at each end, is a description of property which it is not likely either party ever contemplated as remaining in the grantor of the lots on each side of it. Influenced by these considerations, the law has carried out the real intention of the parties by holding that the title passed to the center of the street subject to the right of passage. Where a street is called for as a boundary it is regarded as a single line. The thread of the road is the monument or abuttal: * * * '.
*Id.* 106 A.2d at 464.

Instantly, we are mindful that the western line of Franklin Street was demarcated as the western boundary of the Ferkos' property. At first blush, it would appear that the holding in *Rahn* is inapposite to the case at bar inasmuch as the Ferkos' deed sets the western boundary at a line which encompasses the entire width of Franklin Street. Thus, it is seemingly incongruous to apply the above-cited rule that the Ferkos, as the grantees, take to the center of the street. The street was already included in the description. However, as stated, *supra*, although the western line of Franklin Street was named as the western boundary of the Ferkos' property, the deed description expressly excluded

Franklin Street from being part of the land subject to the conveyance. Thus, in reality, the Ferkos' true western boundary is the eastern line of Franklin Street. With this fact elucidated, the applicability of *Rahn* to the case *sub judice* becomes obvious. Since the eastern side of Franklin Street was called for as the Ferkos' western boundary, *Rahn* directs the conclusion that title to the center of Franklin Street passed to the Ferkos. *Id.* 106 A.2d at 464. In so holding, we acknowledge that the Spisak's eastern boundary was marked as the western side of Franklin Street. Therefore, title to the remaining half of the street passed to the Spisaks.

■ Next, we must discuss what effect the Borough's abandonment of Franklin Street had on the parties' rights to traverse the street. Once again, *Rahn* is dispositive. In *Rahn*, our Supreme Court explicitly stated that "title passed [to the parties] to the center of the street subject to the right of passage." *Id.* 106 A.2d at 464. Likewise, in *McLaughlin v. Cybulski*, 192 Pa.Super. 7, 159 A.2d 14, 16 (1960), we decided that where the public's right to use a roadway had been extinguished, the owners of property abutting the street possessed an easement for right of way purposes over the entire proposed street. In essence, while the public easement in a street is lost as the result of the passage of time, purely private rights of easement of property owners are not extinguished. *Riek v. Binnie*, 352 Pa.Super. 246, 507 A.2d 865, 867 (1986). Instantly, the parties' ownership interests in the land comprising Franklin Street are subject to each other's rights to travel the street.[4]

**4.** Although the parties' properties were originally contained within a subdivision, the rights of other landowners whose properties abut Franklin Street are not affected by this decision. The trial court found that "[a]ll other landowners who may have had rights to the property in question, other than the Spisaks, have given quit claim deeds to the plaintiffs for the land which is the subject of the within action." (Trial Court Opinion, 2). By comparison, in *McLaughlin v. Cybulski, supra,* the abutting landowners did not transfer any rights they may have possessed to the unopened street in question. Thus, although the suit was brought by only one landowner, the decision

■ The Ferkos raise as an additional issue the allegation that they have obtained title to Franklin Street by adverse possession. By its opinion, the trial court stated that the Ferkos had failed to meet the burden of proof necessary for a finding of adverse possession. "[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years." These elements must coalesce; otherwise, the possession will not confer title. *Klos v. Molenda*, 355 Pa.Super. 399, 513 A.2d 490, 492 (1986). We do not agree with the Ferkos' assertion that they have proven ownership of the disputed portion of Franklin Street by adverse possession. In their appellate brief, the Ferkos do not point to any evidence of record which would show that any, let alone all, of the necessary elements of adverse possession were demonstrated. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, we shall not consider the merits thereof. *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (1982).

## DAVIS STREET

■ Finally, we are aware that the Spisaks contend that they have acquired an express easement over Davis Street by virtue of their deed. However, we decline to consider any arguments made concerning the parties' rights to Davis Street. The Spisaks have failed to preserve through post-trial motions any issues with respect to the trial court's determination of that street. Thus, they are waived and that aspect of the trial court's Order shall not be disturbed. *Ecksel v. Orleans Construction Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987).

Judgment of the trial court finding that the Ferkos have all rights, title, and interest in Davis Street affirmed. Judg-

reached by this Court applied to all landowners of the subdivision whose property adjoined the unopened street in dispute.

ment of the trial court finding only that the parties possess easements to Franklin Street reversed.

ROWLEY, J., concurs in the result.