619 A.2d 371

**FIRST FEDERAL SAVINGS BANK OF DELAWARE, Appellee,**

v.

**CPM ENERGY SYSTEMS CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1992.

Filed Jan. 26, 1993.

310

Anthony J. Martino, Bangor, for appellant.

William K. Murphy, City Sol., Easton, for appellee.

Renald S. Baratta, Easton, for Sheriffs Office of Northampton County, participating party.

Dennis A. Deesch, Easton, for Smith Bros., participating party.

Before McEWEN, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

CPM Energy Systems Corporation (Appellant) appeals the order of the hearing court denying its petition to set aside the sheriff's sale of its personal property. For the reasons which follow, we vacate the order of the hearing court and remand for further proceedings.

The facts and procedural history are as follows: On March 1, 1991, First Federal Savings Bank of Delaware (Appellee), as a secured lien holder of machinery and equipment owned by Appellant and used in its waste processing and pellet plant, confessed judgment against Appellant. A sheriff's sale was held May 24, 1991, on the property. The public sale was conducted by the Sheriff of Northampton County at premises formerly leased by Appellant from Richard and Andrew Smith t/d/b/a the Smith Brothers (Smith Brothers), in Easton, Northampton County. The property of Appellant was sold for

$10,000 to a Mr. Donald Welsh. All proceeds of the sale were paid to the Smith Brothers as priority lien holders for rent accrual.

Prior to the sheriff's sale, the Smith Brothers had petitioned the court in a separate civil proceeding to declare the personal property in question abandoned. Pursuant to this petition, the hearing court entered an order, dated April 3, 1991, which provided that the machinery and equipment were the property of Appellant. It further provided that Appellant had thirty days from the entry of the order to remove the equipment and machinery from the Smith Brothers' property. The order set forth that upon failure to remove the equipment within the time provided, the presence of the equipment and machinery would constitute a continuing trespass subject to abatement. After thirty days, the Smith Brothers were authorized to take all steps necessary to remove the machinery and equipment, in the following order: 1) the two secured creditors (Appellee and another party, Frederick Lang) would be given the opportunity to remove the machinery and equipment at the secured creditors' expense within thirty days; and (b) if the secured creditors did not remove the equipment and machinery within thirty days, and should there be no independent buyer, the Smith Brothers were permitted to remove the property intact or as scrap. The proceeds of any sale by the Smith Brothers for scrap or otherwise were to be used to pay, first, the costs of the removal; second, any rents that may be proven to be due to the Smith Brothers by Appellant and, third, to pay the secured creditors in the order of their priority. Appellant did not remove the equipment and machinery within the prescribed period of time as indicated in the order. Likewise, neither Appellee nor the other secured creditor chose to remove the property within thirty days of Appellant's failure to do so. Rather, Appellee proceeded with the sheriff's sale.

Subsequent to the sheriff's sale, and on June 7, 1991, Appellant's counsel mailed to the Prothonotary of Northampton County a "Notice of objection to conduct of sheriff's sale and request to stop ratification of sale." This filing was received by the Prothonotary's office on June 10, 1991, and

was returned to Appellant's counsel on June 17, 1991, as it did not conform with filing requirements.[1] On June 26, 1991, Appellant's counsel filed a petition to set aside the sheriff's sale of May 24, 1991. The petition asserted that the sale should be set aside due to: 1) fraud, as a result of unlawful collusion between bidders, 2) inadequate sale price, and 3) the sheriff's sale not being in conformity to the order of court dated April 3, 1991. A hearing on said petition was conducted on July 12, 1991. Respective counsel for Appellee, Appellant, the Sheriff of Northampton County, the Smith Brothers, and Frederick Lang were present at this hearing. Mr. Welsh, the purchaser of the equipment and machinery at the sheriff's sale, was not present nor was he represented by counsel. At the conclusion of the hearing, the hearing court instructed counsel to praecipe the petition onto an argument list, to notify Mr. Welsh of the petition, and to file briefs in support of the parties' positions. The hearing court also stated that the prior mandates of the order of April 3, 1991, remained in effect as to any property not covered by the sheriff's sale and/or to any property which was bought but later abandoned by Mr. Welsh, providing a release relinquishing any rights in the remaining property was obtained by the Smith Brothers from Mr. Welsh.

Appellee filed an answer and new matter to Appellant's petition to set aside sheriff's sale on July 19, 1991. On August 16, 1991, Appellant filed its brief in support of its petition to set aside the sale. At the call of the hearing list on August 26, 1991, the case was submitted on briefs. On November 1, 1991, the hearing court entered its order denying Appellant's petition. This determination was based on the hearing court's finding that Appellant's filing of the petition to set aside sheriff's sale was untimely and that Appellant had not sufficiently plead any facts which would constitute fraud or collusion between the bidders at the sale. The hearing court did not address Appellant's contention of gross inadequacy of sale

---

1. The notice of objection was returned to Appellant's counsel specifying that notice was required and none was shown.

price due to its finding of untimeliness. This appeal followed.[2]

On appeal, Appellant raises the following issues for our review:

(A) Is gross inadequacy of the sale price coupled with (1) collusion between the two bidders and the auctioneer at a sheriff's sale and (2) failure by the parties conducting the sale to observe the terms of a previous order of the court in a companion case which affected the chattels sold sufficient grounds for the court to set aside the sale?

(B) Is a petition to set aside a sheriff's sale under Rule 3132, *Pa.R.C.P.* untimely when filed after execution and delivery by the sheriff of a bill of sale for the chattels sold, but before actual delivery of many of the chattels?

(C) Where the record is unclear as to (1) the extent to which the chattels sold at a sheriff's sale had been delivered to the purchaser and a petition to set aside the sale has been criticized as untimely and (2) whether the sale was tainted by fraud or collusion between the purchasers and the auctioneer, should the matter be remanded to the court below for a factual determination of both of these matters? (Emphasis in original.)

Appellant's brief at pp. 1–2.

Initially, we note that a petition to set aside a sheriff's sale is based on equitable principles and is addressed to the sound discretion of the hearing court, whose decision will not be reversed on appeal unless there is a clear abuse of that discretion. *Greater Pittsburgh Business Development Corp. v. Braunstein*, 390 Pa.Super. 454, 456, 568 A.2d 1261, 1263 (1989), *alloc. den.*, 527 Pa. 634, 592 A.2d 1301 (1990). *See also, Marine Bank v. Huhta*, 279 Pa.Super. 130, 132, 420 A.2d 1066, 1067 (1980). It is also well-established that:

[T]he burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material

2. We note that Appellee has failed to file a brief in this appeal.

allegations of the application, which are generally required to be established by clear evidence.

*Greater Pittsburgh Business Development Corp. v. Braunstein, supra* at 458, 568 A.2d at 1263. *See also, Bornman v. Gordon,* 363 Pa.Super. 607, 611, 527 A.2d 109, 111 (1987), *alloc. den.,* 517 Pa. 620, 538 A.2d 874 (1988) (appellant's petition to set aside sheriff's sale of her personalty sold to satisfy judgment for past due rent, on basis of gross inadequacy of sale price, was denied as appellant filed to offer evidence with regard to the value of the goods sold).

Keeping these principles in mind, we will now review Appellant's claims on appeal. Because the hearing court found the petition of Appellant to be untimely, and thus disposed of Appellant's first issue on appeal regarding gross inadequacy of sale price, we will first address Appellant's second issue which deals with the untimeliness of the petition.

Pa.R.C.P. 3132, 42 Pa.C.S., governs the setting aside of a sheriff's sale. Rule 3132 provides:

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

The hearing court found that, in the instant case, Appellant filed his petition subsequent to delivery of the machinery and equipment and, as such, the relief offered by Rule 3132 was unavailable to Appellant. The court interpreted the word "delivery" to mean constructive delivery of the property. Thus, the court stated that delivery was effectuated when the bill of sale was transferred to the purchaser from the sheriff. Conversely, Appellant argues that the term "delivery", within the meaning of the statute, means actual delivery of the property. Appellant contends that the interpretation given to the word delivery by the hearing court would not afford a judgment debtor an opportunity to invoke the protections of the rule. We agree with Appellant.

■ If we were to accept the hearing court's interpretation of Rule 3132, we would have to assume our Supreme Court intended to limit the setting aside of a sheriff's sale to a time subsequent to sale but prior to handing over the bill of sale. Accordingly, because bills of sale are normally completed and transferred to the purchaser immediately after the sale, delivery would occur contemporaneously with sale. *See Greater Pittsburgh Business Development Corp., supra* (this Court rejected appellant's argument that delivery pursuant to Pa. R.C.P. 3132 occurs simultaneously with sale). Rule 3132, as thus interpreted, would not only be physically impossible to comply with but would also be absurd and violate the purchaser's right to due process. We cannot conclude that our Supreme Court intended such a result.[3]

In ascertaining the intention of our Supreme Court in the promulgation of a rule, we are guided by Pa.R.C.P. 128, 42 Pa.C.S., which provides in relevant part:

(a) That the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable; ...

(c) That the Supreme Court does not intend to violate the Constitution of the United States or of this Commonwealth;

...

*See also, Reichert v. TRW, Inc. Cutting Tools Division,* 385 Pa.Super. 416, 428, 561 A.2d 745, 752 (1989), *alloc. granted,* 525 Pa. 664, 583 A.2d 794 (1990) ("in promulgating rules, supreme court does not intend a result that is absurd, impossible of execution, or unreasonable"). Because it would be inappropriate for this Court to find a rule promulgated by our Supreme Court to be infirm, *Dietrich v. J.I. Case Co.,* 390 Pa.Super. 475, 488–491, 568 A.2d 1272, 1279–80 (1990), *alloc.*

---

3. The hearing court, in its opinion, relies on the cases of *Herbert's Estate,* 356 Pa. 107, 51 A.2d 753 (1947) and *Gross v. Simsack,* 364 Pa. 337, 72 A.2d 103 (1950) for the proposition that delivery occurs when the bill of sale is handed to the purchaser. Hearing Court Opinion at p. 2. We, however, find these cases inapposite. Both cases deal with delivery of a deed for real property. Pa.R.C.P. 3132 specifically delineates that for a petition to be timely it must be filed before delivery of the deed to the purchaser. At issue in this instance is not the delivery of a deed but rather the delivery of personal property. Therefore, we find the hearing court's reliance on these cases misplaced.

*den.,* ·528 Pa. 610, 596 A.2d 157 (1991), we find that "delivery" of personal property within the context of Pa.R.C.P. 3132 means actual delivery consisting of giving real possession of the property to the purchaser.

■ Having determined that delivery with regard to personal property is actual delivery, we must next decide if Appellant's petition was filed before Mr. Welsh, the purchaser, collected his property. At the hearing held July 19, 1991, the attorneys for the respective parties explained, on the record, that the equipment and machinery were sold in bulk to Mr. Welsh. It was also stated that Mr. Welsh had removed the pieces of the property he wanted and had left the discarded parts on the premises. Appellant claims that, because a portion of the equipment and machinery sold remained on the premises subsequent to the filing of his petition to set aside sheriff's sale, his petition is timely. We disagree.

If, in fact, Mr. Welsh purchased the property in bulk, removed only the pieces that he wanted, then left the remainder of the machinery and equipment on the premises and relinquished all rights in the remains, we would find such action to be consistent with delivery of all of the property; the property remaining would be considered abandoned. Nevertheless, we are unable to find that Appellant's petition is untimely, as it is unclear from the record whether Appellant's petition was filed before Mr. Welsh had collected the pieces of equipment and machinery which he wanted from the sale, and whether Mr. Welsh, in fact, abandoned the property remaining on the premises. Accordingly, we vacate and remand the matter for a factual determination as to: (1) the extent the property sold at the sale had actually been delivered to Mr. Welsh before Appellant's petition was filed; and, (2) whether Mr. Welsh had relinquished his rights to the property remaining on the premises.

With regard to the issues of fraud and inadequate sale price, if the hearing court on remand once again determines that the petition is untimely filed, then it need not address either of these two arguments. However, if on remand the hearing court finds the petition to be timely, it need only address

Appellant's assertion of inadequate sale price,[4] as it has already disposed of Appellant's claim of fraud as a result of collusion.[5]

 Because the hearing court addressed Appellant's claim of fraud, we will likewise. Appellant contends that the following fact scenario constitutes fraud: At the opening of the auction, Bidder # 1 advised the sheriff's auctioneer that he was not interested in bidding on the entire plant, only specific components. Bidder # 2 (Mr. Welsh) made the same comment. The auctioneer then asked counsel for Appellee if he would consider changing the auction from lot to piece. Counsel for Appellee did not approve. The auctioneer then suggested to Bidder # 1 and # 2 to consult with each other on a joint bid. Bidder # 1 and # 2 left the room at approximately 10:05 a.m. At approximately 10:15 a.m., the bidders returned to the auction room and the auctioneer began the auction. Counsel for Appellee opened the bidding at $176.43. Bidder # 1 bid $1,000 for the lot; Bidder # 2 then bid $10,000 for the lot. The property was sold to Bidder # 2 for $10,000. The auction concluded at approximately 10:20 a.m. Appellant claims collusion between the bidders resulted in an inadequate sale price.

The hearing court found that forbearance by one bidder to the advantage of another does not *per se* work an unlawful disadvantage to the execution debtor. Thus, the proof offered by Appellant was insufficient to establish a clear case of fraud. We agree.

Although the general policy of the courts has been

to discountenance combinations or agreements on the part of bidders at execution sales, the object and effect of which are to stifle competition, and the courts will deny to any party to such agreement or combination any benefit from the sale and set it aside upon proper motion, unless all

---

4. Gross inadequacy of price may be a reason for setting aside a sheriff's sale. *Bornman v. Gordon, supra* 363 Pa.Super. at 611, 527 A.2d at 112.

5. Proof of fraud may be a sufficient ground to set aside a sheriff's sale. *Marine Bank v. Huhta, supra* 279 Pa.Super. at 138, 420 A.2d at 1070.

parties concerned know the arrangement and assent thereto,

*Fenton v. Joki,* 294 Pa. 309, 314, 144 A. 136, 138 (1928), we do not find the facts necessary for such a conclusion in the instant case. In the record there is no direct evidence of an agreement between Bidder # 1 and Bidder # 2 to stifle the bidding competition, nor is there any evidence that Bidder # 1 profited in any way from refraining from bidding further. Accordingly, we find no error in the trial court's assessment of this issue.

Appellant's final contention deals with the April 3, 1991, order issued in the action commenced by the Smith Brothers against Appellant. Appellant vaguely asserts that the court erred in disregarding the set procedure of distribution as set forth in the order by not setting aside the sheriff's sale. We, however, will not reach the merits of this issue as Appellant has failed to adequately develop any arguments in support of this claim.[6] "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, we shall not consider the merits thereof." *Ferko v. Spisak,* 373 Pa.Super. 303, 311, 541 A.2d 327, 331 (1988), *affirmed* 522 Pa. 503, 564 A.2d 157 (1989).

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

6. Nevertheless, we note that had Appellant properly addressed this claim, we would find it meritless. The property or the proceeds from the property in question would not have reverted to Appellant under the distribution procedures of either the April 3, 1991, order or the sheriff's sale. Therefore, we fail to see how Appellant has been prejudiced by the court's alleged non-compliance with the April 3, 1991, order.