J. A14010/14

**NON-PRECEDENTIAL DECISION– SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD L. FRANZOSA AND | : | IN THE SUPERIOR COURT OF |
| TRACY FRANZOSA, HIS WIFE | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK LAZO AND | : | |
| KAREN LAZO, HIS WIFE, | : | No. 1656 MDA 2013 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered September 3, 2013,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2011-11575

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 02, 2014**

Appellants appeal from the order of the trial court granting appellees' complaint in ejectment and denying appellants' counterclaim based upon adverse possession.  Finding no error, we affirm.

Appellants and appellees own adjoining properties in Hazle Township. Appellees purchased their property on December 15, 1990.  Appellants first obtained possession of their property on August 18, 1989, when it was purchased by Clarence W. Wolfe, III ("Clarence"), the former husband of appellant Karen Lazo ("Karen").  Karen was added to the deed on December 18, 1989, and acquired it in her name alone on January 25, 2005 through a Bankruptcy Trustee deed.  Appellant Mark Lazo ("Mark") was added to the deed on January 28, 2005.  Appellants claim that in August

_____

* Retired Senior Judge assigned to the Superior Court.

1989, they first cleared a section of the appellees' property and thereafter used it as a lawn.

Over the years, a number of disputes have arisen between the parties as to appellants' use of the disputed parcel. On September 3, 1998, an attorney for Clarence sent the following letter to appellees:

> Dear Mr. Franzosa:
>
> As I am sure you will recall, you and I had a telephone conversation on August 4, 1998 relative to the possible purchase by Clarence Wolfe, my client, of your lot on Main Street in Pardeesville. You had indicated to me at that time the problems you have had with Clarence Wolfe in the past and your reasons for being upset with him. You had also indicated to me that you would think about the possibility of a sale to Mr. Wolfe and let me know if you are willing to sell the property to him.
>
> The purpose of this letter is just to inquire as to whether or not you have considered the possibility of selling the property to Mr. Wolfe and if you are willing to do so.
>
> Very truly yours,
>
> /s/
>
> James A. Schneider

Letter, 9/3/98.

Ultimately, on September 12, 2011, appellees resorted to legal action, filing a complaint in ejectment. Appellants responded on November 23, 2011, with an answer and new matter in which they raised their claim of adverse possession. Appellants' claim of adverse possession runs from

August 1989 presumably until August 2010 which would have been when the statutory 21-year period matured. **See** 68 P.S. §§ 81-88. The trial court denied appellants' claim by order entered August 12, 2013. Appellants filed a motion for reconsideration which was denied by order entered September 3, 2013. This timely appeal followed.

Appellants raise the following two issues on appeal:

> A. Did the Trial Court err in holding that there was no adverse possession where there was clear uncontradicted evidence of clear cutting and cutting down trees, cultivating the lawn and establishing a lawn from August, 1989 (Conclusions of Law, Numbers 3 and 4, Record 33-34) and accordingly, this area was not a "woodland", thereby utilizing the wrong standard to establish adverse possession.
>
> B. Did the trial court err in holding an offer was made to purchase the property, negating continuity of adverse possession (Conclusions of Law, Number 7, Record 34)?

Appellants' brief at 3.

We begin by noting our standard of review:

> The case of **Glenn v. Shuey**, 407 Pa.Super. 213, 595 A.2d 606 (1991) thoroughly sets forth the standard of review to be applied today and the substantive law of adverse possession, as follows:
>
> > At the outset, we note that "the factual findings of a trial court sitting without a jury carry the same weight as a jury verdict, and we will not disturb those findings on appeal absent an error of law or abuse of discretion." **Arcadia Co., Inc. v. Peles**, 395 Pa.Super. 203, 207-208, 576 A.2d 1114, 1116 (1990)

> (citing **Pato v. Cernuska**, 342 Pa.Super. 609, 612, 493 A.2d 758, 759 (1985)); **see also Bigham v. Wenschhof**, 295 Pa.Super. 146, 148, 441 A.2d 391, 392 (1982).
>
> It is well settled that a party claiming title to real property by adverse possession must affirmatively prove that he or she had "actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years." **Conneaut Lake Park, Inc. v. Klingensmith**, 362 Pa. 592, 594-95, 66 A.2d 828, 829 (1949) (citing **Parks v. Pennsylvania R.R. Co.**, 301 Pa. 475, 152 A. 682 (1930)); **see also Klos v. Molenda**, 355 Pa.Super. 399, 513 A.2d 490 (1986); **Tioga Coal Co. v. Supermarkets General Corp.**, 289 Pa.Super. 344, 433 A.2d 483 (1981), **alloc. denied**, 500 Pa. 555, 458 A.2d 1355 (1983). Each of these elements must exist, otherwise the possession will not confer title. **Conneaut Lake**, 362 Pa. at 594-595, 66 A.2d at 829. "An adverse possessor must intend to hold the land for himself, and that intention must be made manifest by his acts . . . He must keep his flag flying and present a hostile front to all adverse pretensions." **Klos**, 355 Pa.Super. at 403, 513 A.2d at 492 (citations and quotations omitted).

**Brennan v. Manchester Crossings, Inc.**, 708 A.2d 815, 817 (Pa.Super. 1998), **appeal denied**, 727 A.2d 1115 (Pa. 1998), quoting **Glenn v. Shuey**.

We will address appellants' second issue only, as it is dispositive of this appeal. Simply stated, it is well settled that an attempt to purchase

property from the titled owner constitutes an unequivocal recognition that the offeror's adverse title is subservient and breaks the required continuity necessary to adverse possession. *Pistner Bros., Inc. v. Agheli*, 518 A.2d 838, 840-841 (Pa.Super. 1986). Clarence offered to purchase the property in dispute in September 1998, and this broke the continuity of appellants' present claim.

Appellants attempt to avoid this result by characterizing the letter from Clarence's attorney not as an offer to purchase, but as a mere "invitation to negotiate." We find this distinction to be specious. An offer to purchase need not specify a price in order to constitute an offer to purchase. Moreover, even a mere invitation to negotiate is sufficient to satisfy *Pistner Bros*. An invitation to negotiate to purchase property carries the same recognition that the offeror's adverse title is subservient. There is no merit here. The trial court properly found that appellants failed to demonstrate adverse possession. Accordingly, we will affirm the order below.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 10/2/2014

- 5 -