# Home Land Company et al., Appellant, *v.* Robert Nye et al.

*Real estate—Possession—Adverse holding—Ejectment—Mortgage foreclosure proceeding—Interruption of adverse possession—Acts of April 13, 1859, P. L. 603; July 9, 1901, P. L. 614; April 23, 1903, P. L. 263.*

In an action of ejectment to determine the title to real estate it appeared from the evidence that defendant maintained an exclusive, continuous, open and hostile possession for more than 21 years prior to plaintiffs' action. Plaintiff testified that defendant's possession was interrupted by a sheriff's sale pursuant to a foreclosure proceeding on a mortgage. The evidence disclosed that defendant was not named as a party in the praecipe for the writ of scire facias nor in the writ of levari facias; he was brought into the case when the sheriff's deputy found him on the premises and made him a party to be notified pursuant to the provisions of the Act of 1901, P. L. 614, as amended by the Act of 1903, P. L. 263.

The effect of such service was not to bind the defendant with respect to his title to the conclusiveness of the judgment to be thereafter obtained on the mortgage. The scire facias was not a writ to determine the title as against an adverse owner; it was a process for the collection of the amount due on the mortgage.

A casual crossing of the land occupied by defendant, in connection with the control of other land covered by the mortgage, was not an entry such as would break the continuity of defendant's occupancy.

Where the only other evidence of entry by plaintiff was an alleged conversation between plaintiff's secretary and defendant in which the latter agreed to move when the land was sold, and where such evidence was controverted by defendant and discredited by the jury, judgment for defendant will be sustained.

In order to defeat the actual possession which, if continued, would give title under the statute, entry must be of such character and accompanied by such notice as clearly indicates to the occupant that his possession is invaded and his right challenged.

The act of April 13, 1859, P. L. 603, requires that an entry upon land, to be effective in arresting the running of the Statute of Limitations must be followed by an action of ejectment within one year.

Argued April 30, 1928. Appeals Nos. 1542, 1546, and 1547, April T., 1928, by plaintiffs from judgment of C. P., Allegheny County, No. 478, July T., 1922, in the case of Home Land Company, a corporation, now for

the use of Laughner Real Estate Company, a corporation, Charles B. Forcey and James E. McKee, v. Robert Nye. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Ejectment for two and one-half acres of land in Hopewell Township, Beaver County, and Crescent Township, Allegheny County. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiffs appealed.

*Error assigned* was refusal of motion for judgment non obstante veredicto and decree of the court.

*P. K. Motheral,* and with him *George D. Wick* and *Reed, Smith, Shaw & McClay,* for appellants.—A sale of land on a levari facias following a scire facias sur mortgage breaks the continuity of adverse possession: Brolaskey v. McClain, 61 Pa. 146; Stovall v. Haynes, 78 S. W. 895; LeRoy v. Rogers, 30 Cal. 229; Excelsior Saving Fund v. Cochran, 220 Pa. 634; Orient Building and Loan Association v. Gould, 239 Pa. 335; Green v. Simpson, 49 Pa. Superior Court. 334.

*Thomas Patterson,* and with him *J. M. Graham* and *Patterson, Crawford, Arensberg & Dunn,* for appellee. —Adverse possession is not broken where the Act of April 13, 1859, P. L. 603, was not complied with: Hasson v. Klee, 181 Pa. 117; Duffy v. Duffy, 20 Pa. Superior Ct. 25; Rook v. Greenewald, 22 Pa. Superior Ct. 641.

OPINION BY HENDERSON, J., July 12, 1928:

The subject of this controversy is a body of land containing two and a half acres on which is a log

house. The plaintiff exhibited a legal title through a succession of conveyances, the last of which was a sheriff's sale, resulting from a foreclosure proceeding on a mortgage which was a lien on a large body of land of which that portion now claimed by the plaintiff formed a part. The defense presented by the appellee was that he had been in such actual and exclusive possession of the premises for more than twenty-one years as gave him a legal title, and on this issue the case went to the jury. The evidence offered was sufficient to show that the defendant went into the premises in the year 1900, and that he maintained an exclusive, continuous, open and hostile possession thereof for a period of more than twenty-one years prior to the bringing of the plaintiff's action. To this defense the plaintiff replied, (1) that by the sale of the mortgaged premises the continuity of the defendant's occupancy was interrupted; (2) that about fourteen years after the defendant's entry, the secretary of the plaintiff company went to the defendant who was then on the premises and stated to him that the property was for sale, that it would be sold soon; and that he, the defendant, would have to move, to which the latter replied that he had no place to go if they put him off; thereupon Mr. Feist, the secretary, said to him, we have no use for the log house, and as long as you agree to move, we have no objection to your staying here until we sell; Mr. Nye then said he would move at any time Mr. Feist requested. The testimony relating to this conversation was denied by the defendant, and the court submitted to the jury the question whether there had been such admission of lack of title by the defendant, as was testified to by Mr. Feist and Mr. Lawton who accompanied him. The verdict established the defendant's contention on all the questions arising on the parole evidence introduced, and the only subject for consideration on this appeal is whether when a mortgage of the record owner was

foreclosed during the adverse possession, the sale of the land under the scire facias to which the defendant was made a party by the sheriff when he served the writ had the effect to break the continuity of the defendant's adverse possession, and whether after the sale there was entry by the purchaser, as claimed by the appellant. It will be observed that the thing sold by the sheriff was the title existing in the mortgagor. The defendant was not named as a party in the praecipe for the writ of scire facias, nor in the writ of levari facias. He was brought into the case when the sheriff's deputy found him on the premises and made him a party to be notified pursuant to the provisions of the Act of 1901, P. L. 614, as amended by the Act of 1903, P. L. 263. The effect of such service was not however to bind the defendant with respect to his title to the conclusiveness of the judgment to be thereafter obtained on the mortgage. The scire facias was not a writ to determine a title as against an adverse owner. It was a process for the collection of the amount due on the mortgage. A judgment obtained thereby became a lien on all of the land described in the writ which belonged to the mortgagor. There was no privity of estate between the defendant and the plaintiff. He was not interested therefore in the validity of the plaintiff's claim in the mortgage proceeding. The sale on the mortgage had the effect to put the plaintiff in the mortgagor's place as to title, but it was not effective to defeat the estate which the defendant claimed adversely to the title of the mortgagor: Excelsior Savings Fund v. Cochran, 220 Pa. 634; Orient Building and Loan Association v. Gould, 239 Pa. 335.

An examination of the testimony brings us to the conclusion that there was not such entry on the land by the purchaser at sheriff's sale as would break the continuity of the defendant's occupancy. The casual

crossing of the two-acre lot by Feist, secretary of the Home Land Company, purchased at sheriff's sale, in connection with the control of the other 146 acres covered by the mortgage, could not have that effect. He stated that he was at the house at the time the conversation took place about surrendering the premises in 1914, but his evidence was discredited by the jury in the face of the defendant's contradiction. It does not appear that he was there at any subsequent time asserting the title of the Land Company. "In order to defeat an actual adverse possession, which, if continued, would give title under the statute, the entry must be of such a character, and accompanied by such notice, as clearly indicates to the occupant that his possession is invaded and his right challenged": O'Hara v. Richardson, 46 Pa. 390. If the witness was not there asserting his title at the time when he alleges the defendant promised to leave the premises, he does not appear to have been there at any other time setting up the title of the Land Company. Llewellyn and Lawton who testified to having been on the premises were not employed by the Home Land Company to demand possession from the defendant or set up a title adverse to him, and their testimony is of no value therefore in aid of this branch of the plaintiff's case. But if it were otherwise, there was a failure to comply with the Act of 1859, P. L. 603, which provides that "No entry upon lands shall arrest the running of the Statute of Limitations, unless an action of ejectment shall be commenced therefor within one year thereafter." This act was construed in Hasson v. Klee, 181 Pa. 117, wherein the court said that it relates to an entry during the running of the Statute of Limitations and to the proceedings necessary to make such entry arrest, from the date of it, the running of the Statute. See also Douglas v. Irvine, 126 Pa. 643. The

case lacks the support of facts which would have required the court to comply with the appellant's request for judgment non obstante veredicto.

The assignment of error is therefore overruled and the judgment affirmed.