471 A.2d 80

**Robert B. REED and Audrey E. Reed, Husband and Wife**

**v.**

**Frank WOLYNIEC, t/d/b/a Wolyniec Real Estate, Inc., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Dec. 30, 1983.

Michael J. Casale, Jr., Williamsport, for appellant.

Paul W. Brann, Lewisburg, for appellees.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

This is an appeal from a judgment declaring appellees, Robert B. and Audrey Reed, to be owners by adverse possession of a fifty feet wide lot adjacent to their residence in the Village of Allenwood, Gregg Township, Union County. The judgment was entered in an action to quiet title to the lot instituted by appellees against Frank Wolyniec, appellant, who by deed dated August 17, 1973 but not recorded until October 24, 1979, had taken record title to a tract of 1.01 acres located to the rear of appellees' home, which tract included the lot in dispute.

In October, 1955, the Reeds purchased at public sale and went into possession of a residential dwelling and garage situated on a lot (56 × 165) on the south side of Bridge Avenue. Adjoining their lot on the west was another lot, known as Lot 152, which contained a driveway, shrubbery and lawn. This lot had been maintained by the Reeds' immediate predecessor in title, and the Reeds continued to maintain it thereafter. The driveway entered the lot from Bridge Avenue and formed a circle at the rear of the lot which covered the entire width thereof. The several tracts were depicted on an engineer's drawing, with driveway and shrubs added, as follows:

554

DEFENDANT'S
EXHIBIT

Land of

FRANK WOLYNIEC, et al.
ALLENWOOD, UNION COUNTY, PA.
JULY 24, 1973     SCALE: 1"=50'

Exhibit #

DANIEL F. VASSALLO, R.S.

70-23

After appellees had gone into possession, they continu-
ously used the driveway for purposes of ingress and egress

to and from the garage behind their residence. They also maintained the adjacent lot by cutting the law and by planting and maintaining thereon various flowering and non-flowering shrubs. They used the land for recreational purposes and placed in concrete thereon a pole to which a birdhouse was attached. In 1979, appellant began to use the lot to move vehicles and equipment from Bridge Avenue to his land at the rear of the Reed property. This caused damage to the driveway, as well to the shrubs and lawn, and generated a dispute which culminated in the present litigation. The trial court found that appellees' possession of the lot had been exclusive, open, notorious, hostile and continuous for more than twenty-one years. The court concluded, therefore, that appellees had established title by adverse possession.

In *Smith v. Peterman*, 263 Pa.Super. 155, 397 A.2d 793 (1978), this Court said that

> " '[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years. Each of these elements must exist, otherwise the possession will not confer title.' *Inn Le'Daerda, Inc. v. Davis*, 241 Pa.Super. 150, 158, 159, 360 A.2d 209, 213 (1976). An adverse possessor ' " 'must intend to hold the land for himself, and that intention must be made manifest by his acts' " .' *Kaminski Brothers, Inc. v. Grassi*, 237 Pa.Super. 478, 480, 352 A.2d 80, 81 (1975). He must 'keep his flag flying and present a hostile front to all adverse pretensions.' *Commonwealth v. Bierly*, 37 Pa.Super. 496, 504 (1908). Building a residence on land or cultivating it in a regular and continuous way may after 21 years result in ownership. *See The Susquehanna and Wyoming Valley RR. and Coal Co. v. Quick*, 68 Pa. 189 (1871); *Cf. Ewing v. Dauphin County Tax Claim Bureau*, 31 Pa.Cmwlth. 285, 375 A.2d 1373, 1375 (1977). However, as has been repeatedly said, 'temporary acts on the land, . . . are not the actual possession

required.' *Inn Le'Daerda v. Davis, supra,* 241 Pa.Super. at 159, 360 A.2d at 213 ....

"It seems fair to summarize this case law as holding that only acts signifying permanent occupation of the land and done continuously for a twenty-one year period will confer adverse possession."

*Id.,* 263 Pa.Superior Ct. at 160–161, 397 A.2d at 796. It has been held that use of a piece of land for lawn purposes in connection with a residence, together with continued maintenance of such lawn, is sufficient to establish adverse possession. See: *Inn Le'Daerda, Inc. v. Davis,* 241 Pa.Super. 150, 167–168, 360 A.2d 209, 218 (1976); *Ewing v. Dauphin County Tax Claim Bureau,* 31 Pa.Cmwlth. 285, 375 A.2d 1373 (1977). See also: *Burns v. Mitchell,* 252 Pa.Super. 257, 381 A.2d 487 (1977).

■ Appellant argues that appellees' evidence was insufficient to prove exclusive and continuous possession. On appeal, however, the findings of fact of the trial judge, when affirmed by the court en banc, have the weight and effect of a jury verdict, and an appellate court will not disturb them if they are adequately supported by competent evidence. *Wheatcroft v. Albert Co.,* 407 Pa. 97, 180 A.2d 216 (1962). In the instant case, the trial court found that appellees' possession of Lot 152 had been exclusive and continuous, and the record supports this finding. Still, we shall examine more closely appellant's contentions.

■ The possession adequate to establish adverse possession "need not be absolutely exclusive; it need only be of a type of possession which would characterize an owner's use." *Lyons v. Andrews,* 226 Pa.Super. 351, 357, 313 A.2d 313, 316 (1973). Thus, the exclusive character of appellees' possession was not destroyed because other persons occasionally passed unobserved over the lot. It was enough that appellees' possession was to the general exclusion of others and that they remonstrated with persons who attempted, without permission, to use the land. See: *Home Land Co. v. Nye,* 93 Pa.Super. 452 (1928).

Appellant's argument that the Reeds' possession was not continuous is based primarily upon the fact that in 1963 the Reeds attempted to sell their land and moved to California, where they remained for a period of five months. The sale of the Allenwood land was not consummated, however, because a neighbor posted a "No Trespassing" sign in the driveway and the purchaser, having consulted an attorney, discovered that appellees did not hold record title to the lot on which the driveway was situated. Thereafter, appellees returned to Pennsylvania and resumed their occupancy of the residence. Upon their return they again used and maintained the driveway and the lot on which it was situated.

■■■ The continuity of appellees' possession of Lot 152 was not destroyed by their moving to California or by their attempt to sell the land in 1963. Possession of land is dominion over the land; it is not equivalent to occupancy. *Susquehanna & Wyoming Valley Railroad and Coal Co. v. Quick*, 68 Pa. 189, 199 (1871); *Stephens v. Leach*, 19 Pa. 262 (1852). As a general rule, "a temporary break or interruption, not of unreasonable duration, does not destroy the continuity of the adverse claimant's possession." 3 Am.Jur.2d, Adverse Possession § 69. In order to break the continuity of possession, there must either be an abandonment or possession must be taken by one disconnected with the previous holder. *Thompson v. Kauffelt*, 110 Pa. 209, 217, 1 A. 267, 270 (1885); *Kaminski Brothers, Inc. v. Grassi*, 237 Pa.Super. 478, 484, 352 A.2d 80, 83 (1975). Here, the Reeds did not abandon their possession. Indeed, when appellees attempted to sell their residence they included in their offer the driveway on Lot 152. One must necessarily conclude from these facts that they kept their flag flying and continued their hostile claim against all the world.

After the agreement of sale had been executed and while the Reeds were in California, Christian Schmidt, who then held record title to the rear tract, placed a "No Trespassing" sign in the driveway, but removed it after twenty-four

hours. When the purchaser consulted an attorney and learned that the Reeds did not hold record title to the land on which the driveway was situated, the purchaser refused to consummate the purchase, and his down payment was refunded. After the Reeds returned from California, they also consulted an attorney, and a letter was sent to Vernon Anstadt, who had purchased the rear tract from Christian Schmidt. The letter asserted that Reeds had a right, based on adverse user, to continue to use the driveway. Thereafter, no further efforts were made to interfere with the Reeds' uninterrupted and exclusive use of the driveway and/or the lot on which the driveway was situated until appellant's use thereof in 1979. Was the twenty-four hour erection of a "No Trespassing" sign sufficient to interrupt the Reeds' adverse possession?

The answer appears in the Restatement of Property § 459(2) where the rule is stated as follows:

"An adverse use is uninterrupted when those against whom the use is adverse do not

(a) bring and pursue to judgment legal proceedings in which the use is determined to be without legal justification, or

(b) cause a cessation of the use without the aid of legal proceedings."

Under this rule, a "single instance of attempted interruption of an adverse user ... resulting in no actual interruption and followed by no attempt to test the right, does not necessarily destroy its continuity." 3 Am.Jur.2d, Adverse Possession § 68. See also: *Keefer v. Jones,* 467 Pa. 544, 359 A.2d 735 (1976); *Margoline v. Holefelder,* 420 Pa. 544, 218 A.2d 227 (1966); *Zimmer v. Dykstra,* 39 Cal.App.3d 422, 114 Cal.Rptr. 380 (1974); Anno., 43 A.L.R.2d 52, § 11; 42 Pa.C.S.A. § 5530(b), substantially re-enacting the Act of April 13, 1859, P.L. 603, § 1, 12 P.S. § 85.

In the instant case, no legal proceeding was instituted on behalf of the record owner, and his extra-judicial act of posting a "No Trespassing" sign did not cause a cessation of appellees' possession. Appellees insisted that they had

acquired a right to the driveway and continued their use, to the exclusion of others, of both the driveway and the whole of the lot on which it was situated. The trial court, therefore, was correct when it concluded that appellees use of Lot 152 had been uninterrupted.

We have examined carefully the record of evidence presented to the trial court and conclude that its findings are supported by the evidence and that the law has been correctly applied. Appellees did, in fact, continue in open and adverse possession of Lot 152 and did exercise exclusive dominion thereof for more than twenty-one years. They thereby acquired title by adverse possession. The judgment of the Court of Common Pleas of Union County will be affirmed.

Affirmed.