HOFFMAN, Judge.
This is an appeal from an order entered March 31,1993, awarding appellee, Wright S. Beck, title by adverse possession to over sixty-five (65) acres of land. Appellants, Kenneth and Mary Beck, present the following question for our review:
1. Whether one may assert title by adverse possession to unenclosed uncultivated woodlands, where the parcel in question is surrounded by other unenclosed woodlands, and the claimant’s use of the tract consisted solely of sporadic hunting and timber removal.
Appellants’ Brief at 2. For the reasons set forth below, we affirm.
On June 24, 1867, the Commonwealth granted a warrant to Armel Turley, for approximately sixty-five (65) acres of land in Fox Township, Elk County, Pennsylvania (hereinafter “Armel Turley Warrant”). At the time of the conveyance, the land was unimproved woodland, which the Commonwealth believed had not yet been allocated. The narrow tract of land was bound by Warrant 4186, in the north; Moshannon State Forest land, to the west; Warrant 4900, to the south; and the Fox and Jay Townships border, to the east.
At the time of the conveyance, Warrant 4186, had been divided, from north to south, into two parcels of land (hereinafter “Smith Farm” and “No. 4186”). Sometime thereafter, No. 4186 was further subdivided to form two plots (hereinafter “Parcel I” and “Parcel II”). By deed dated February 16, 1968, appellants acquired title to Parcel I. The deed described the land as being bordered in the south by Warrant 4900. Subsequently, on March 7,1974, appellants acquired fee simple title to Parcel II. The deed contained no indication of what property lay on the southern border of Parcel II.
On October 11, 1983, appellee recorded, a deed conveying the Armel Turley Warrant from appellee and his wife, as grantors, to themselves. Shortly thereafter, appellee and his wife instituted an action in trespass against the Mallery Lumber Corp., which had been removing timber from the western portion of the Armel Turley Warrant. Mal-lery Lumber Corp. then filed a complaint joining appellants as additional defendants. Subsequently, on February 8, 1990, appellants instituted an action against appellee to quiet title. Appellants asserted that appellee did not have ownership in any land to the south of Parcels I & II. Moreover, appellants claimed that the Armel Turley Warrant, described in appellee’s October 11,1983 deed as existing to the south of Parcels I and II, was instead land properly included in Parcels I and II. Appellee filed an answer and new matter asserting that he had superi- or title to the disputed land or in the alternative, had acquired title by adverse possession. Appellants subsequently filed a motion to consolidate appellee’s action in trespass and appellants’ action to quiet title. On June 27,1991, the motion to consolidate was granted.
A bench trial was conducted on November 13 and 14, 1991. On December 17, 1992, the trial court entered an order finding that appellants had record title of the Armel Turley Warrant but that appellee had acquired the property by adverse possession. Post trial motions were filed and denied. This timely appeal followed.
*343 Appellants contend that the trial court erred in finding that appellee had acquired title to the unenclosed, uncultivated woodland by adverse possession. We disagree.
In order to acquire title to property though adverse possession, a trespasser must demonstrate that he had actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land in question for twenty-one (21) years. Williamstown Borough Authority v. Cooper, 404 Pa.Super. 516, 591 A.2d 711 (1991), appeal granted 529 Pa. 651, 602 A.2d 861 (1992). Where entry is made under an invalid deed or other written instrument, which the trespasser believes is valid, he is deemed to have “color of title.” Arcadia Co. v. Peles, 395 Pa.Super. 203, 210, 576 A.2d 1114, 1117 (1990); 3 American Law of Property § 15.11. “‘Color of title’ is merely the appearance of title without its reality ... [and] contributes nothing to the fiber of title as affecting the adverse character of possession_” Arcadia Co., 395 Pa.Super. 203, 576 A.2d 1114. However, a disseisor who enters under “color of title” and demonstrates actual possession for the requisite twenty-one year period, of a portion of property described in the invalid instrument, may thereby establish constructive possession of entire tract described therein. Id.
In the instant case, Armel Turley obtained a warrant from the Commonwealth in 1867, for approximately 65 acres of land, bordered by Smith Farm and No. 4186, in the north. However, at the time of the purchase, the owner of No. 4186 had proper record title of the western portion of Warrant 4186, which also included the western portion of the Ar-mel Turley Warrant.[1] As the Commonwealth can only convey that title in property which it has, its conveyance of the Armel Turley Warrant to Mr. Turley was invalid. 3 American Law of Property § 12.23.
Following purchase of the Armel Turley Warrant, however, Mr. Turley constructed a saw mill on the western portion of the tract. Occasional timbering is too spo-radie to establish title by adverse possession. Niles v. Falls Creek Hunting Club, Inc., 376 Pa.Super. 260, 265, 545 A.2d 926, 929 (1988). However, where as here, the disseisor constructs a mill, the title owner is afforded notice of the adverse claim, in like manner as he would have been, had the disseisor built a home or cultivated the premises. Glenn v. Shuey, 407 Pa.Super. 213, 595 A.2d 606 (1991) (what constitutes actual possession depends on the facts of the case and the character of the premises); Niles, 376 Pa.Super. 260, 545 A.2d 926 (actual possession may be taken by residence or cultivation of part of a tract of woodland); 3 American Law of Property § 15.3 (“actual use of property as the average owner would use it, so that people residing in the neighborhood would be justified in regarding the possessor as exercising the exclusive dominion and control incident to ownership, establishes adverse possession”). Therefore, the construction of the saw mill was sufficient to demonstrate Mr. Turley’s actual possession of the premises. Further, deeds to adjoining property and several surveys conducted throughout the years, recognized Mr. Turley’s ownership right in the property. 3 American Law of Property § 15.11 (“the plot must be recognized in the community as a defined parcel owned by a private owner”). Moreover, there is no evidence that during the one hundred and twenty-three years spanning Mr. Turley’s purchase of the property and the filing of this action, any of appellants’ predecessors asserted their ownership rights over the western portion of the Armel Turley Warrant. Arcadia Co., 395 Pa.Super. 203, 576 A.2d 1114 (adverse possession thorough “color of title” is defeated where owner is, at the same time, in actual possession of part of the land, claiming title to the whole); Reed v. Wolyniec, 323 Pa.Super. 550, 471 A.2d 80 (1983) (attempt to interrupt adverse possession is only valid where it results in actual interruption). As appellee and his predecessors constructively possessed the Armel Tur-ley Warrant, under color of title for over twenty-one years without obstruction by appellant and his predecessors, appellee has *344 now acquired title to the land by adverse possession. Accordingly, we affirm the order of the trial court.
Affirmed.

. At trial, appellants conceded that all land south of Smith Farm had been acquired by appellee, through adverse possession.