J-A21001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN D. REESE, IV, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALAN J. DORE AND SONYA DORE | : | |
| | : | |
| Appellants | : | No. 653 EDA 2018 |

Appeal from the Order Entered January 23, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2017-18882

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.:          **FILED OCTOBER 03, 2019**

Alan J. Dore and Sonya Dore (collectively "the Dores") appeal from the Order of the Honorable Emanuel A. Bertin, S.J., dated January 23, 2018, entered in favor of John D. Reese, IV ("Reese"), in the Court of Common Pleas of Montgomery County. The order granted a preliminary injunction prohibiting the Dores from occupying or interfering with Reese's use of an area located between the parties' adjoining residential properties.  We affirm.

Reese filed a complaint in equity asserting that he established ownership of a portion of the Dores' land through adverse possession. He also filed a petition for a preliminary injunction seeking to prohibit the Dores from interfering with his use of the contested land. After a hearing, the court

granted the preliminary injunction. The underlying action based on Reese's complaint seeking to quiet title to the contested property is still pending.[1]

On appeal, the Dores raise four challenges to the preliminary injunction. Appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. "We disturb the trial court's decision 'only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied . . . .'" **Turner Const. v. Plumbers Local 690**, 130 A.3d 47, 57 (Pa. Super. 2015).

Our review of a trial court's order granting or denying a preliminary injunction is "highly deferential".[2] **Warehime v. Warehime**, 580 Pa. 201, 860 A.2d 41, 46 (2004). Thus, in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to "examine the record to determine if there were any apparently reasonable grounds for the action of the court below." **Id.** The scope of our review is plenary. **Id.** at n.7.

_____

[1] We have jurisdiction over this appeal pursuant to Pa.R.A.P. 311(a)(4) as an interlocutory appeal as of right. **See Commonwealth ex rel. Kane v. UPMC**, 129 A.3d 441 (Pa. 2015).

[2] As the trial court properly points out in its Opinion filed pursuant to Pa.R.A.P. 1925(a), the injunctive relief granted was prohibitory only, requiring the Dores to refrain from interfering with Reese's use of the portion of the driveway in issue pending further proceedings. The Dores were not ordered to remove or undo the alterations which had already been made to the property.

.

A petitioner seeking a preliminary injunction must establish six prerequisites; failure to establish any one of them results in the denial of relief:

> (1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages;
>
> (2) greater injury will occur from refusing to grant the injunction than from granting it;
>
> (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct;
>
> (4) the petitioner is likely to prevail on the merits;
>
> (5) the injunction is reasonably suited to abate the offending activity; and
>
> (6) the public interest will not be harmed if the injunction is granted.

**Brayman Const. Corp. v. Com., Dep't of Transp.**, 13 A.3d 925, 935 (Pa. 2011), *citing* **Summit Towne Centre, Inc. v. Shoe Show of Rocky Mt., Inc.**, 828 A.2d 995, 1001 (Pa. 2003).

In this appeal, the Dores claim that the evidence of record does not support three of these prerequisites.

First, they contend that the evidence cannot establish that Reese was likely to succeed on the merits of his underlying claim for adverse possession. To succeed in his claim for adverse possession, Reese is required prove that his use of the property was: (1) actual, (2) visible, (3) notorious, (4) exclusive and distinct, (5) hostile, (6) and continuous (7) for twenty-

one years. ***Dunlap v. Larkin***, 493 A.2d 750, 756 (Pa. Super. 1985); ***see also Flannery v. Stump***, 786 A.2d 255 (Pa. Super. 2001).

We have often stated that it is a serious matter to take away another's property. ***See Edmondson v. Dolinich***, 453 A.2d 611, 614 (Pa. Super. 1982). Consequently, the law imposes such strict requirements of proof on one who claims title by adverse possession. ***See id***.

In order to establish adverse possession, the possession must be such as to import a denial of the true owner's title and must be sufficient to place the true owner on notice of plaintiff's claim to the land. ***Brennan v. Manchester Crossings, Inc.***, 708 A.2d 815, 818 (Pa. Super. 1998). Where an individual is using property with the permission of the real owner, his use is not adverse and hostile and he is not entitled to ownership by adverse possession. ***See Flannery***, 786 A.2d at 258-259 .

Hostility may be implied where all the other elements of adverse possession exist. ***See id***. However, this is only true where there is no evidence capable of disproving hostility. ***See id***. The element of hostility to support a claim of adverse possession requires that the court examine not just the physical facts of possession but also the evidence, if any, which can establish the intent with which the land in question was possessed. ***See id***.

In general, actual possession of land means dominion over the property. ***See Brennan***, 708 A.2d at 818. The requirements for "actual" possession of a property will necessarily vary based on the nature of the property. ***See id***.

With these standards in mind, we have reviewed the decision of the trial court. In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, 1/23/18, at 1-2. Therefore, we have no need to restate them here. For the convenience of the reader, we note briefly that the trial court noted that Reese, since purchasing the property in 1986, had used the property in issue, along with his family and friends, with the clear implication that they found the parcel in issue to constitute the western boundary of their property.

The Dores had threatened to dig up the driveway, plantings, and wall, which were constructed by Reese on the common boundary between their two properties. After receiving a survey which the Dores commissioned, the Dores advised Reese that a portion of the driveway, retaining wall and a swing set were intruding on the Dores' property. After an exchange between the attorneys for the parties, Reese filed the complaint to quiet title and the instant emergency petition for special and preliminary injunction to enjoin Dore from making further onsite adjustments to the disputed property.

After a thorough review of the record, the briefs of the parties and the well-reasoned opinion of the Honorable Emanuel A. Bertin, S.J., we conclude that the Dores' first issue on appeal merits no relief. Granting the proper discretion to Senior Judge Bertin, we find that he did not abuse his discretion in finding that Reese was likely to succeed on the merits of his underlying claim. *See id*., at 3-4 (concluding that evidence of adverse possession was

"overwhelming," and that the Dores had not effectively rebutted Reese's claim).

Next, the Dores argue the court erred in finding that the injunction was necessary to prevent immediate and irreparable harm. Once again, having reviewed the arguments of the parties and the record, we conclude that Senior Judge Bertin's opinion thoroughly addresses the issue. *See id*. at 5 (finding that a continuous trespass on property was sufficient harm to constitute an immediate and irreparable harm). We can find no abuse of discretion in Senior Judge Bertin's conclusions, and therefore adopt them as our own.

Finally, the Dores contend that the trial court erred in ordering relief that exceeded what Reese sought in his petition for preliminary injunction. Senior Judge Bertin's opinion thoroughly addresses this contention. *See id*., at 6 (finding that the Dores' actions after Reese initiated the proceedings required relief above and beyond that initially requested in order to restore the status quo). This reasoning is not an abuse of discretion and we adopt it as our own.

In sum, the evidence supported a finding that the status quo be restored and that the Dores be restrained from taking any further self-help actions. As stated by Senior Judge Bertin:

> Plaintiff does not request, and the Court will not enter, a mandatory injunction requiring action by [the Dores] to put the land back the way they found it; Plaintiff seeks only a prohibitory injunction preventing [the Dores] from doing any further harm, or from interfering with his use and

enjoyment of the land the Court has found he lawfully acquired through adverse possession.

*See id*. Accordingly, we affirm on the basis of the trial court opinion dated January 23, 2018.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/19

Filed 3/21/2018 2:30:58 PM Superior Court Eastern District
653 EDA 2018

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| JOHN D. REESE, IV | : NO. 17-18882 |
| vs. | : |
| ALAN J. DORE AND SONYA DORE, H/W | : |

BERTIN, S.J.                                                                Jan. 23, 2018

## MEMORANDUM AND ORDER
### I. PROCEDURAL HISTORY

On July 24, 2017, Plaintiff filed a complaint in equity, together with an emergent petition for special and preliminary injunctive relief, against his adjoining neighbors, Defendants, concerning a boundary dispute between Plaintiff and Defendants. Plaintiff's legal position was that he had acquired legal ownership of a small strip of Defendants' land on the boundary line between the properties by the legal doctrine of adverse possession.

Defendants, in writing, had threatened Plaintiff with digging up, by a certain date, Plaintiff's driveway, plantings, and wall on the disputed land, which Defendants had surveyed and determined were on Defendants' property, notwithstanding Plaintiff's claim of ownership thereof by adverse possession. Plaintiff came to Court requesting that the undersigned, at a conference only, enter, without testimony, a temporary restraining order (TRO) against such threatened actions by Defendants. Defendants opposed Plaintiff's request. The undersigned denied Plaintiff's request, since the parties were not prepared for a hearing thereon that day, and Court Administration had scheduled the matter for that day for a conference, not a hearing. The Court, however, did that day schedule the matter for hearing on Plaintiff's request for a preliminary injunction against Defendants' threatened action.

Defendants, notwithstanding their knowledge of an impending preliminary injunctive hearing to address and decide the legal dispute, followed through on their threatened behavior and dug up the

1

Case# 2017-18882-41 Docketed at Montgomery County Prothonotary on 01/23/2018 2:18 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

land with heavy equipment, although the removal of land, plantings, and driveway and replacements were not complete prior to the hearing on the preliminary injunction. Before the hearing was held, Plaintiff filed an amended petition for preliminary injunction.

The Court held preliminary injunction hearings on October 16 and 25, 2017. The Court received post-hearing briefs on November 14, and Plaintiff's brief in reply on November 21, 2017. Though Defendants had included with their brief a proposed order, Plaintiff had not, so the Court ordered one submitted. Upon submission of Plaintiff's proposed order, Defendants objected, saying the scope of relief in the proposed order differed from that sought in Plaintiff's petition(s) for preliminary injunction. The Court therefore ordered the parties to brief the issue of the scope of relief in Plaintiff's proposed order, and the parties filed briefs on this issue December 14, 2017. On December 21, 2017, Plaintiff served and filed a final brief in reply. The matter is now ripe for decision.

## II. DISCUSSION

In order to merit the grant of a preliminary injunction, a party must establish each of the following prerequisites:

> First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth, and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

York Grp. v. Yorktowne Caskets, Inc., 924 A.2d 1234, 1240–41 (Pa. Super. Ct. 2007) (citing Summit Towne

Centre, Inc. v. Shoe Show of Rocky Mt., Inc., 573 Pa. 637, 646-47, 828 A.2d 995, 1001 (2003)).

2

After reviewing the matter carefully, the Court concludes that Plaintiff has proved the elements necessary for the Court to grant him his requested preliminary injunction against Defendants. Accordingly, the Court will enter the preliminary injunction.

Defendants contend that Plaintiff has failed to prove two elements necessary for the grant of a preliminary injunction, namely, a likelihood of success on the trial of this matter and/or irreparable harm incapable of being cured by money damages.

Firstly, plaintiff has proven a likelihood of success. This Court finds that Plaintiff has proven that he has acquired ownership of the disputed land by the legal doctrine of adverse possession.

> Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law; it is dependent upon possession for a set period of time and authorized by statute. One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct[,] and hostile possession of the land for twenty-one years.

*Weible v. Wells*, 156 A.3d 1220, 1224 (Pa. Super. Ct.) (citation omitted), *appeal denied,* 170 A.3d 1031 (Pa. 2017); *accord, e.g., Brennan v. Manchester Crossings, Inc.*, 708 A.2d 815, 817 (Pa. Super. Ct. 1998); *Klos v. Molenda*, 355 Pa. Super. 399, 401–02, 513 A.2d 490, 492 (1986); *Reed v. Wolyniec*, 323 Pa. Super. 550, 555, 471 A.2d 80, 84 (1983); *see also* 68 P.S. §§ 81–88 (claim by adverse possession). In elaborating upon the elements of adverse possession, the court said in *Brennan*, 708 A.2d at 817-19 (citations omitted) (footnoted omitted):

> Broadly speaking, "actual possession" of land is dominion over the land; it is not equivalent to occupancy. There is no fixed rule, however, by which the actual possession of real property by an adverse claimant may be determined in all cases. The determination of what constitutes actual possession of property for purposes of adverse possession depends on the facts of each case, and to a large extent on the character of the premises.
>
> The words "visible and notorious possession," as applied to the adverse holding of land by a party without color of title, mean that the claim of ownership must be evidenced by conduct sufficient to place a reasonable person on notice that his or her land is being held by the claimant as his own.

3

Case# 2017-18882-41 Docketed at Montgomery County Prothonotary on 01/23/2018 2:18 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

To constitute distinct and exclusive possession for purposes of establishing title to real property by adverse possession, the claimant's possession need not be absolutely exclusive. Rather, it need only be a type of possession which would characterize an owner's use. . . .

The word "hostile," as an element of adverse possession does not mean "ill will" or "hostility," but implies an assertion of ownership rights adverse to that of the true owner and all others. Simply stated, the possession must be "such as to import a denial of the owner's title." Furthermore, if all of the elements of adverse possession are established, the element of hostility is implied.

Finally, in order for adverse possession to ripen into title, it is necessary that such possession had been continuous and uninterrupted for the full statutory period. In this Commonwealth, as in most jurisdictions, the statutory period is twenty-one years. The law does not require that the claimant remain continuously on the land and perform acts of ownership from day to day. A temporary break or interruption, not of unreasonable duration, does not destroy the continuity of the adverse claimant's possession.

The evidence before the Court was overwhelming that Plaintiff had proven each of the required elements to show that he adversely possessed the disputed area of land for well in excess of twenty-one years before Defendants' threatened encroachment, and eventual actual encroachment, began. Indeed, Defendants did not at all effectively rebut these elements.

This Court finds, in assessing credibility, that Plaintiff was very credible in his testimony and presentation of evidence. As to assessment of the evidence and the credibility of the witnesses by a trial court, the law states, "In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and [a reviewing court] will not disturb the trial court's credibility determinations." *Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 916 (Pa. Super. Ct. 2017) (en banc). "[A]ssessments of credibility and conflicts in evidence are for the trial court to resolve; [a reviewing court] is not permitted to reexamine the weight and credibility determinations or substitute [its] judgments for those of the factfinder." *Turney Media Fuel, Inc. v. Toll Bros.*, 725 A.2d 836, 841 (Pa. Super. Ct. 1999), *quoted in Gutteridge*, 165 A.3d at 916. "The test is not whether [a reviewing court] would have reached the same result on the evidence presented, but rather, after due consideration of the evidence . . . the trial court

4

found credible, whether the trial court could have reasonably reached its conclusion." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa. Super. 108, 120, 649 A.2d 680, 686 (1994), *quoted in Gutteridge*, 165 A.3d at 916; *see also Daddona v. Thorpe*, 749 A.2d 475, 480 (Pa. Super. Ct. 2000) ("The trial judge, sitting in equity as a chancellor, is the ultimate fact-finder. The scope of review, therefore, is limited. . . . The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious."); *Reed*, 323 Pa. Super. at 556, 471 A.2d at 84 ("[T]he findings of fact of the trial judge . . . have the weight and effect of a jury verdict, and an appellate court will not disturb them if they are adequately supported by competent evidence." (citing *Wheatcroft v. Albert Co.*, 407 Pa. 97, 180 A.2d 216 (1962))).

Secondly, as to the element of irreparable harm, not compensable by money damages, Defendants' legal assertions are incorrect. The law is clear in disputes of this nature that once Plaintiff has established legal ownership of the disputed land, as Plaintiff has done here, encroachments by Defendants on Plaintiff's land constitute a "continuing trespass" that the law remedies through the entry of injunctive relief, as the law deems the same to be irreparable harm. "There is no doubt equity has power to grant a restraining order preventing actual or threatened trespasses of a continuing and permanent character." *Tri-Cities Water Co. v. Monessen*, 313 Pa. 83, 85, 169 A. 159, 159 (1933) (unanimous opinion) (citing *Gray v. Phila. & Reading Coal & Iron Co.*, 286 Pa. 11, 132 A. 820 (1926)), *quoted in Gardner v. Allegheny Cty.*, 382 Pa. 88, 102, 114 A.2d 491, 498 (1955); *accord Rogoff v. Buncher Co.*, 395 Pa. 477, 480, 151 A.2d 83, 86 (1959); *cf. Youst v. Keck's Food Serv., Inc.*, 94 A.3d 1057, 1079 (Pa. Super. Ct. 2014) (citing *Gardner*, 382 Pa. at 102, 114 A.2d at 498) (finding court of equity had authority to permanently enjoin continuing nuisance).

In considering the scope of relief appropriate to Defendants' continuing encroachment on Plaintiff's land lawfully acquired through adverse possession, the Court reviewed the parties' supplemental post-hearing briefs filed after Defendants objected to the form of order Plaintiff

5

Case# 2017-18882-41 Docketed at Montgomery County Prothonotary on 01/23/2018 2:18 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

submitted at the Court's behest. Defendants' objection that the relief sought in the proposed order differed from that requested in Plaintiff's petition(s) for a preliminary injunction is not well taken. Once a case goes to trial and evidence is presented to the Court, inevitably the facts and circumstances as depicted in pretrial pleadings and petitions will take on different inflections and hues as they emerge in a new light. That is especially true in this case in which Defendants, knowing that the Court would soon be hearing Plaintiff's request for a preliminary injunction to enjoin them from taking actions that would interfere with Plaintiff's use and enjoyment of the land he claimed was his by adverse possession, nevertheless effectively seized possession of the disputed land and altered it considerably to suit Defendants' purposes through the use of landscaping and heavy equipment. Under the law and rules of equity, the Court has the power to restore, to the extent practicable, the status quo existing before Defendants' precipitous actions; that Plaintiff may not have fully realized at the time he wrote his petitions for relief the extent to which Defendants would disturb or had disturbed the status quo before the Court could hear the matter does not prevent the Court from entering a decree that properly takes into account the facts as they now exist on the ground.

In any event, Plaintiff's post-hearing requests for relief do not materially or substantially differ from those in his petition in any way that would impinge on Defendants' rights. Plaintiff does not request, and the Court will not enter, a mandatory injunction requiring affirmative action by Defendants to put the land back the way they found it; Plaintiff seeks only a prohibitory injunction preventing Defendants from doing any further harm, or from interfering with his use and enjoyment of the land the Court has found he lawfully acquired through adverse possession.

### ORDER

*And now*, this 2 3 day of January, 2018, after hearings, and consideration of the parties' post-hearing briefs and submissions, the Court hereby *orders* as follows: (1) Plaintiff's petition for a preliminary injunction is *granted*. (2) The Court issues a preliminary injunction in favor of Plaintiff and

6

Case# 2017-18882-41 Docketed at Montgomery County Prothonotary on 01/23/2018 2:18 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

against Defendants enjoining Defendants and their agents, employees, and contractors, or anyone claiming rights by or through them, from in any way occupying, entering upon, using, obstructing, or interfering with Plaintiff's use of the area described in Plaintiff's complaint and his amended petition for injunction as the "Acquired Area" (Compl. Ex. D; Pl. Am. Pet. Prelim. Inj. Ex. D) (as shown on the plan admitted as Exhibit P-5 at the hearing). (3) The Court further *orders* that Defendants shall desist and refrain from cutting or removing any plantings or improvements from or in the Acquired Area or otherwise disturbing or interfering with the use thereof by Plaintiff and his family members and invitees, and from performing any demolition or other work therein, or erecting improvements thereon. (4) Plaintiff and his family members and invitees shall have the exclusive right to occupy and use the described Acquired Area. (5) This preliminary injunction shall remain in effect until such time as ordered otherwise.

BY THE COURT:

Emanuel A. Bertin, S.J.

7