J-A18023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BENJAMIN D. FRIEDMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY ANNE MURPHY | : | No. 172 WDA 2019 |

Appeal from the Judgment Entered February 8, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-17-001461,
Issue No. 199705

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: FILED NOVEMBER 08, 2019

Appellant Benjamin D. Friedman appeals from the judgment entered in favor of Appellee Mary Anne Murphy in his action for ejectment.[1] Appellant challenges the trial court's findings of abandonment and adverse possession. We affirm.

_____

[1] Appellant, on February 1, 2018, filed his notice of appeal from the denial of his post-trial motions, before the entry of judgment. Generally, an appeal to this Court properly lies from the entry of judgment, not from the order denying post-trial motions. Mackall v. Fleegle, 801 A.2d 577, 580 (Pa. Super. 2002). Nevertheless, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. Drum v. Shaull Equipment and Supply Co., 787 A.2d 1050, 1052 n.1 (Pa. Super. 2001). Because the trial court subsequently entered final judgment on February 8, 2019, Appellant's notice of appeal relates forward to February 8, 2018. See Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after a court's determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof). Therefore, there is no jurisdictional impediment to our review, and we have amended the caption accordingly.

The trial court summarized the relevant facts and procedural history of this appeal as follows:

[Appellant], owner of 408 W. North Avenue, filed a complaint in ejectment on January 25, 2017, against [Appellee], owner of 410 W. North Avenue. [Appellant] sought ejectment of [Appellee] from an appurtenant easement over 410 W. North Avenue, which he allegedly owned for the purposes [of] ingress and egress from 408 W. North Avenue to Eloise Street. Access to Eloise Street from 408 W. North Avenue is otherwise blocked by a property known as 409 Eloise Street. [Appellant] also sought ejectment of [Appellee]'s deck and fence that allegedly encroached on his property.

\* \* \*

John C. Nock previously owned both Lot 35 and Lot 36, designated now as 410 and 408 W. North Avenue, [respectively]. By deed dated May 17, 1946, Mr. Nock conveyed title to 410 W. North Avenue to Michael Tarasovich . . . (the "Nock Deed"). In this deed, Mr. Nock reserved the right of ingress and egress "over and upon a private alleyway bounded and described as . . . [beginning] on the Southerly side of Eloise Street at the dividing of lots #35 and #36 [w]estwardly 4 feet 9 ¼ inches to a point; thence [s]outhwardly and parallel to said dividing line, 56 feet 6 inches to a point[.]" The path described was "for the common use and benefit of . . . the property adjoining known as #408 North Avenue West." By deed dated October 12, 1948, Mr. Tarasovich conveyed 410 W. North Avenue to John S. Griglak, reserving right to the same easement for ingress and egress (the "Griglak Deed"). The easement is not expressly reserved thereafter in the chain of title of 410 W. North Avenue. By deed dated May 29, 1956, Mr. Griglak conveyed title to Jennie J. Haynes.

Paul R. Hirschfield acquired 410 W. North Avenue by deed on September 4, 1974 (the "Hirschfield Deed") from Pittsburgh National Bank, executor of the Estate of Ms. Haynes. The Hirschfield Deed states the property was conveyed "[t]ogether with all of the right, title and interest, inchoate or absolute, if any, of the sellers . . . which the sellers and the predecessors in title have acquired or are acquiring through the exercise of adverse possession." David Spence, [Appellee]'s direct predecessor in

- 2 -

title, then acquired title to 410 W. North Avenue on January 31, 1989 by deed from Mr. Hirshfield (the "Spence Deed"). The Spence Deed states the Mr. Spence took title to the property subject to any interest established by "prior instruments of record . . . and/or as are apparent from an inspection of the premises."

At the time Mr. Spence acquired title to the property, there was a fence separating the properties and a deck attached to the back of the home. The fence had no gate and precluded access between 410 and 408 W. North Avenue. From the time Mr. Spence purchased 410 W. North Avenue, [Appellee] and Mr. Spence operated, managed, and maintained it as a rental property. Mr. Spence and [Appellee] married on July 27, 1994. [Appellee] and Mr. Spence continued to operate, manage, and maintain 410 W. North Avenue up to the fence line until Mr. Spence's passing in 2004. As Adminstratrix of Mr. Spence's Estate, [Appellee] conveyed title to 410 W. North Avenue to herself by deed dated April 8, 2004 (the "Murphy Deed"). The Murphy Deed, like the Spence Deed, contained language that [Appellee] took title to the property subject to any interest established by "prior instruments of record . . . and/or as are apparent from an inspection of the premises." Following acquisition of record title [Appellee] continued to maintain the property up to the fence line.

[Appellant] acquired title to 408 W. North Avenue by deed dated May 14, 2014 from Federal Home Loan Mortgage Corp. A corrective deed was later filed on January 27, 2015. A survey performed by [Appellant] prior to purchasing the property showed that the fence that bisected the properties was encroaching on his property line. That fence had been present between the properties since [Appellee] took possession of the property in 1989 when Mr. Spence bought it. With [Appellee]'s permission [Appellant] replaced the fence that bisected the properties. The fence was removed on July 25, 2016. A new fence was constructed by [Appellant] in August of 2016 and was set back even further from the party wall than the former fence. The new fence had a gate, allowing [Appellant] access to the easement at issue. Shortly thereafter, [Appellee] also installed a fence. [Appellee]'s fence was in the same place as the old fence, using the same post holes. [Appellee]'s fence did not have a gate and blocked [Appellant]'s access to the easement.

Trial Ct. Op., 1/24/19, at 1-4.

On November 1, 2018, following a bench trial, the trial court found in favor of Appellee on all claims. The trial court concluded that Appellee adversely possessed the portion of Appellant's property upon which Appellee's old fence and deck encroached. Further, the trial court found that Appellant, or his predecessors in interest, had abandoned the easement, and the easement was extinguished by Appellee's adverse possession.

Appellant filed a timely post-trial motion on November 9, 2018 requesting a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial.[2] On January 18, 2019, the trial court denied Appellant's post-trial motion.[3] Appellant filed notice of appeal on February 1, 2019, as well as a praecipe for entry of judgment on February 8, 2019. Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement and the trial court issued a responsive opinion. On August 14, 2019, Appellant's co-counsel filed a petition to withdraw from representation.

_____

[2] We note that Appellant did not request a directed verdict at the close of the evidence at trial. Generally, a party must move for a directed verdict or compulsory non-suit at trial to preserve the right to request a judgment non obstente verdicto (JNOV). Phelps v. Caperoon, 190 A.3d 1230, 1247 (Pa. Super. 2018). Failure to do so may result in waiver. Id. Instantly, the trial court addressed Appellant's issues and did not find waiver. Accordingly, we decline to find waiver. See Wag-Myr Woodlands Homeowners Ass'n v. Guiswite, 197 A.3d 1243, 1250 n.10 (Pa. Super. 2018) (declining to find waiver when a party did not move for directed verdict but sought JNOV post-trial and the trial court chose to address the post-trial motion).

[3] While the post-trial motion was pending, Appellant filed a notice of appeal on November 27, 2018 which was docketed at 1684 WDA 2018. On January 30, 2019, this Court quashed the appeal at docket number 1684 WDA 2018 as interlocutory without prejudice.

- 4 -

Appellant raises three questions for our review, which we have reordered for ease of disposition:

> 1. Did [Appellee] and her predecessors in interest adversely possess [Appellant]'s property contained by [Appellee]'s fence?
>
> 2. Did [Appellee] and her predecessors in interest adversely possess [Appellant]'s easement?
>
> 3. Was [Appellant]'s express easement abandoned by [Appellant] and/or his predecessors?

Appellant's Brief at 6.

> In reviewing a non-jury verdict, we must
>
> determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

Wyatt Inc. v. Citizens Bank of Pa., 976 A.2d 557, 564 (Pa. Super. 2009) (citation omitted).

In his first two issues, Appellant argues that the trial court erred in determining that Appellee satisfied the twenty-one-year statutory period for adverse possession of his property, because she did not have actual possession until she formally acquired title by deed in 2004 after the death of Mr. Spence. Appellant's Brief at 20. Relatedly, Appellant alleges that the trial court erred by determining that Appellee acted as an owner between 1989

and 2004. Id. As a result, Appellant asserts that Appellee should be required to tack her period of possession beginning in 2004 to that of Mr. Spence, which began in 1989, to meet the statutory time period. Id. at 20-21.

Additionally, Appellant emphasizes that the trial court erred in concluding that Appellee adversely possessed the easement. Id. at 38. Appellant reasserts his argument that Appellee cannot satisfy the statutory time requirement. Id. Appellant further suggests that the acknowledgement of the easement in the 1989 mortgage and title policy granted to Mr. Spence tolled Appellee's adverse possession. Id. at 40-41. Appellant insists that because Appellee's chain of title indicates her property is subject to easements of record, the "hostility" requirement of adverse possession is negated. Id. at 41-42.

It is settled law that "[o]ne who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years." Flannery v. Stump, 786 A.2d 255, 258 (Pa. Super. 2001) (citation omitted). The party claiming title by adverse possession bears the burden of proving the elements "by credible, clear and definitive proof." Id. (citation omitted)

Generally, "actual possession of land is dominion over the land; it is not equivalent to occupancy." Brennan v. Manchester Crossings, Inc., 708 A.2d 815, 817 (Pa. Super. 1998) (citations and quotation marks omitted). "The determination of what constitutes actual possession of property for purposes of adverse possession depends on the facts of each case . . . ." Id.

at 818. To establish title by adverse possession, the claimant is not required to show "absolutely exclusive" possession during the twenty-one-year period. Reed v. Wolyniec, 471 A.2d 80, 84 (Pa. Super. 1983). "[I]t need only be the type of possession which would characterize an owner's use." Id. (citation omitted).

Possession is visible and notorious when it is "evidenced by conduct sufficient to put a reasonable person on notice that his or her land is being held by the claimant as his [or her] own." Brennan, 708 A.2d at 818 (citations omitted). Further, "hostility may be implied where all other elements of adverse possession have been satisfied and where there is no evidence tending to prove or disprove hostility." Flannery, 786 A.2d at 258 (citations omitted).

Non-use, "no matter for what duration of time, will not extinguish an easement." Stozenski v. Borough of Forty Fort, Luzerne Cty., 317 A.2d 602, 605 (Pa. 1974) (citations omitted). "Although non-use may not extinguish an easement, elements of adverse possession will extinguish an easement." Borough of Edgeworth v. Lilly, 565 A.2d 852, 857 (Pa. Cmwlth. 1989) (citations omitted).

> To extinguish an easement . . ., the servient tenement owner must demonstrate a visible, notorious and continuous adverse and hostile use of said land which is inconsistent with the use made and rights held by the easement holder, not merely possession which is inconsistent with another's claim of title.

*    *    *

> The adverse possession that will bar easements must be actual, continuous, adverse, visible, and hostile possession of the land in question for twenty-one years. The repudiation of the rights of other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon the other persons' right to pass across the land whenever the necessity to do so arises.

Estojak v. Mazsa, 562 A.2d 271, 275 (Pa. 1989) (citations omitted and some formatting altered).

Instantly, the trial court determined that Appellee's treatment of the disputed property was consistent with that of an owner, finding that

> [s]tarting in 1989, Mr. Spence and [Appellee] used the property as owners would in renting and maintaining the property up to the fence line that encroached on [Appellant's] property and the area where the easement is located. [Appellee], not Mr. Spence, advertised the property, secured the tenants, collected the rent, and managed the property since 1989. [Appellee] even paid taxes on her share of the income from the property while Mr. Spence was the title owner.

Trial Ct. Op. at 9. Because the trial court found that Appellee had actual possession of the property beginning in 1989, it did not address Appellant's argument based on tacking. Id. at 10. Thus, the trial court concluded that Appellee had actual possession of the disputed property for more than twenty-one years before Appellant instituted this action in 2017. See Reed, 471 A.2d at 84.

Regarding the element of hostility, the trial court observed as follows:

> [Appellee] and her predecessor's maintained the property up to the fence line and showed an intent to block access from 408 W. North Avenue. When [Appellant] told [Appellee] that the fence was falling down, she had a maintenance man stabilize it.

- 8 -

> Maintenance of the property and the fence is certainly hostile to the owner of an easement that is blocked by the fence.

Trial Ct. Op. at 9. The trial court concluded that Appellee's possession was sufficiently hostile to extinguish the easement of record. Id. at 10.

Appellee's old fence, which was in place before Appellee took possession of the disputed property, obstructed the right-of-way granted by the easement. Therefore, the trial court concluded that Appellee's actions in maintaining the old fence and blocking Appellant and his predecessors' access to the disputed property for more than twenty-one years served to extinguish the easement rights of Appellant and his predecessors in interest. See Estojak, 562 A.2d at 275; Mitchell v. Bovard, 123 A. 588, 589 (Pa. 1924) (holding that "one who obstructs a way, if such action is continued for a sufficient time, will defeat the right of the dominant owner").

In his third issue, Appellant argues that no evidence supports the trial court's finding that Appellant or his predecessors intended to abandon the easement. Appellant's Brief at 30-31. In light of our conclusion that the trial court correctly decided this case on the basis of adverse possession, we need not address Appellant's argument related to abandonment.

Our review of the record confirms that clear and convincing evidence supported the trial court's findings. Based on our standard of review and the relevant case law, we further conclude that the trial court did not commit an error of law in determining that Appellee adversely possessed the disputed property and extinguished the easement. See Wyatt Inc., 976 A.2d at 564.

Accordingly, we affirm the judgment in favor of Appellee. We also grant Appellant's co-counsel's petition to withdraw from representation.

Judgment affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2019